Brent, by Guardian, v. Grace's Adm'r.

30 253
80a 406

1. The settlements and allowances of a guardian in a probate court in the matter of his guardianship have the force and effect of judgments, and can be set aside in an equitable proceeding against him only upon proof that they were procured by fraud.

2. Upon such an issue it is no proof of fraud in procuring the allowances that the guardian made expenditures for the maintenance and education of his ward without first procuring an appropriation by the probate court; the allowance of an account for expenditures already made satisfies the statute. (R. C. 1855, p. 826, § 24.)

3. If a guardian, instead of expending the money of his ward for the latter's maintenance and education, gives his individual note therefor, and receives receipts from the creditor, and procures a credit therefor in his settlement with the probate court, this will not constitute fraud as against the ward; the ward, in such case, would not, it seems, be liable for the debt.

*Error to St. Louis Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Buckner*, for plaintiff in error.

I. The evidence shows that the guardian expended all the money and means of the ward, and upon final settlement brought her in debt, and that without authority from the probate court to make such expenditures; and also, that after creating debts, he executed his individual note to the Sisters of the Visitation Academy, and upon the strength of that mode of action he procured a credit as for so much money paid. The Sisters claim that they hold a valid debt against plaintiff. The execution of the note was not a satis-

17—VOL. XXX.

faction of the claim. Grace expended the whole of his ward's estate without the authority of the probate court and in violation of the statute, and falsely represented to the court that he had paid for his ward's tuition and boarding. If these acts constitute fraud, we are entitled to have the settlements set aside. (1 Sto. Eq. § 186.)

*Garesché*, for defendant in error.

I. In order to authorize the expenditure of money by a guardian for the education of his ward, it is not necessary that the probate court should have formally ordered him to do so. In the absence of such order the guardian, it is true, acts at his own risk. When his expenditures have been sanctioned by the probate court and allowed him in his settlement, this is an appropriation in the sense of the twenty-second section of the act concerning guardians. (R. C. 1845, p. 551.) There was no proof to sustain the allegations of the petition. (Jones v. Brinker, 20 Mo. 88 ; State v. Roland, 23 Mo. 88 ; Mitchell v. Williams, 27 Mo. 400.)

EWING, Judge, delivered the opinion of the court.

This is a proceeding in the nature of a suit in chancery against the administrator of Grace, who was the former guardian of the plaintiff, to falsify and set aside the settlements of said Grace as such guardian with the probate court.

The supplemental petition alleges in substance that money and property of the plaintiff came to the hands of said guardian, as shown by the inventory filed with the petition ; and that said guardian, in his settlements with the probate court in September and December, 1851, falsely and fraudulently procured allowances against the plaintiff, for which he obtained credit in such settlements ; that said guardian having placed his ward at the Academy of the Visitation and being indebted for her board and tuition, he fraudulently obtained the receipts of the institution for the same, with which he was credited in his settlement with the court, when in fact the same was never paid by him. There was an answer de-

nying the allegations of the petition. On the trial (by the court) the plaintiff read in evidence the settlements of the guardian duly certified, and introduced Judge Ferguson of the probate court, who stated that the guardian, Grace, never applied to him for an order authorizing expenditures, for the maintenance and education of his ward, and that no such order appears on the records of the court; which was all the evidence in the case.

The settlements, which are certified as correct, show a balance in favor of the guardian. It is admitted that the guardian obtained receipts for the board and tuition of his ward from the academy, for which he gave his own note, and that this note remains unpaid, but the fraud imputed to the defendant's intestate in the transaction is denied. The settlements of the guardian with the court, having the force and effect of judgments, can not be set aside without establishing by proof the charge of fraud. The credit for the school account was allowed by the guardian upon regular and authentic vouchers showing the expenditures; and instead of paying the ward's money, he gave his individual note, and made the debt his own; and this, as it respects the ward, is a satisfaction of the demand, even if the contract made by the guardian could have been enforced against her at all. The academy is not here complaining and asking a reinvestigation of the guardian's accounts; and no ground is shown for the plaintiff to do so by reason of any liability on her part for the debt. If the guardian had money of his ward, which could have been applied in payment of this debt, and the academy omitted to demand payment out of this fund, but took the guardian's note instead, thereby allowing him to use and misapply his ward's money, if misapplied, [it] can not now shift the responsibility from the guardian to his ward. If the ward could be held liable under such circumstances, every minor would be personally liable for debts contracted by the guardian, although the guardian may have misapplied the estate entrusted to him for the very purpose for which such debts were incurred.

There is nothing in the objection that no previous order was obtained from the probate court authorizing expenditures for education and maintenance. It is the duty of the court to order the proper education of minors according to their means, and for that purpose it may from time to time make the necessary appropriations of the money or personal estate of any minor. (1 R. C. 1855, p. 826, § 24.) The guardian may, if he chooses, apply in the first instance for an order and appropriations; but if he does not, and takes the risk of having his accounts disallowed when he makes his settlements, that is his own concern, and his omission to do so is no fraud upon his ward. The court, in either case, determines whether the expenditures are necessary and proper; and allowing accounts for expenditures already incurred is, in effect, the same as making a formal order for appropriations beforehand, and equally satisfies the statute.

Judgment affirmed; the other judges concurring.

BRENT, BY GUARDIAN, Plaintiff in Error, v. GRACE'S ADMINIS-
TRATOR, Defendant in Error.

1. Brent v. Grace's Administrator, ante, p. 253, affirmed.

*Error to St. Louis Circuit Court.*

*Buckner*, for plaintiff in error.

*Garesché*, for defendant in error.