THE STATE OF MISSOURI to the use of EMMA THORNTON, *et al.;* Respondents, *vs.* JACOB HOSTER, *et al.,* Appellants.

1. *Guardian—Final settlement by, without notice, has what effect.—May be attacked, how.*—In suit against the sureties on a guardian's bond, defendants may attack a settlement by him, admitting a certain amount to be in default, the settlement being made without the notice and filing of an exhibit of accounts between himself and his ward, required by the estate in case of final settlement. (Wagn. Stat., 68, § 48.) Such statement has only the force and effect of an annual settlement. It is for that reason not a judgment, and is subject to examination and correction in such a suit.

### *Appeal from St. Louis Circuit Court.*

*Bakewell & Farish,* for Appellants, cited, 5 Binn., 184; 2 Hill, 313; Bryant vs. Owen, 1 Ga., 355; Hunt vs. White, 1 Ind., 105; Governor vs. Shebty, 2 Blackf. [Ind.] 26; Henry vs. Clardy, 5 Flor., 77; Livermore vs. Bemis, 2 Allen, 394; Farrar vs. Parker, 3 Allen, 557; Lewis vs. Bolitho, 6 Gray, 137; Sebastian vs. Bryan, 21 Ark., 447; Jones vs. State, 14 Ark., 170; Outlaw vs Yell, 5 Ark., 468; 1 Root, 51; Comm. vs. Rhodes, 37 Penn. St., 60; Picot vs. O'Fallon, 35 Mo., 29.

*Bell & Thompson,* for Respondents.

Where a guardian has filed a settlement in the probate court, the ward, at majority, or within the time limited by statute, is in every case authorized and empowered to prosecute the guardian and sureties on their bonds. (4 Serg. & Watts, 557; 3 Gill. & Johns., 389; 34 Ala., 29; 8 Ohio, 227; 33 Ala., 221; 7 Ohio, 104; 1 Par. Sel. Cas., in Eq., 411; 18 Martin, 69; Coleman vs. Willi, 46 Mo., 236; 27 Mo., 591; 20 Mo., 97.)

WAGNER, Judge, delivered the opinion of the court.

This suit was instituted against one Hoster, as principal in a guardian's bond, and the defendants as his sureties. The bond was in the regular statutory form, with the usual conditions, and the petition alleged as breaches, that after the minor had attained her majority, Hoster, as guardian, filed in the probate court a settlement, which he called a final set-

tlement, between himself, as guardian, and the relatrix, as his ward, wherein he acknowledged that he was indebted to his ward in a certain amount, which he failed and refused to pay over.

The defendants filed answers denying the allegations in the petition, and averring that the settlement made by Hoster was not a final settlement; that it was made by fraud and collusion between Hoster and the relatrix and her friends, and that the amount therein exhibited was not due the ward, and that the defendants were not liable for the same.

Upon the trial the settlement made by Hoster was offered in evidence, and the defendants objected to it as evidence against them, and the court sustained the objection. Plaintiff thereupon took a non-suit with leave to move to set the same aside, which motion being unsuccessful appeal was taken to general term. At general term the judgment was reversed and the cause remanded, and the case is brought here for review.

The record distinctly shows that the settlement upon which this action was brought was not a final settlement. None of the steps which the statute requires in the making of a final settlement were taken or complied with. By the 48th section, in reference to the law of guardians (Wagn. Stat., 681), it is provided that, " when any guardian or curator shall be entitled to his discharge according to law, he shall make a just and true exhibit of the account between himself and his ward, for the purpose of a final settlement of his guardianship accounts, and shall file the same with the court having jurisdiction thereof; he shall then give notice of his intention to apply to said court for leave to make a final settlement of his guardianship accounts, and for his discharge as such guardian, which notice shall state the time of making such application, and shall be published in some newspaper printed in his said county, if there be one, and if not, by printed hand-bills put up at six of the most public places in said county." Section 49 requires that the exhibit filed as aforesaid, shall remain on file in said court for three months

after the filing thereof, for the examination of any person interested therein. Section 50 then declares that, "at the first regular term of said court, after the filing of the said exhibit, on satisfactory proof that the notice in the forty-eighth section of this chapter required, has been given, the court may hear the application of said guardian or curator, for his discharge, and may grant or refuse the same, as may seem just and right, but on such hearing it shall be the duty of said court to carefully and diligently examine the said account so exhibited, for the purpose of final settlement, to correct all errors therein, if any there be, and after such examination and correction, the said court shall proceed to make a final settlement with said guardian on the basis of said exhibited accounts. Appeals shall be allowed from the decisions of such court on such final settlement, as in the case of executors or administrators, and shall be taken within six months after the rendition of such decision."

None of the requirements of the statute which are pointed out as necessary to a final settlement were taken in this case. No notice was given, and there was nothing to indicate in any manner that the settlement was intended to be anything more than an annual one. Indeed, the order of approval in the probate court was the usual order made in cases of an annual settlement.

No appeal lies from an annual settlement. It has none of the attributes of a judgment, and is not binding or conclusive on anybody. By the statute, as we have seen, the guardian is required to give notice when he makes his final settlement, but no notice whatever is required in reference to annual settlements, and such settlements are regarded as *ex parte*, and are rarely made in the presence of the parties interested in the estate. When a final settlement is made, all the parties in interest are brought in to protect their rights, and being in on notice, they are effectually concluded by the settlement made. They are then at liberty to examine into the whole matter touching the guardianship, and to show that errors and mistakes have been committed, and as the proceed-

ing is final, an appeal for the first time lies. (Folger vs. Heidel, 60 Mo., 284.)

The sureties could only be bound by a judgment against their principal, rendered in due course of law. An annual settlement is no judgment, but is a matter resting entirely open, and is subject to be examined and corrected when the final settlement is made. When the final settlement takes place, as all interested parties are brought in ; the proceeding is final and is binding. As the settlement herein sued upon was only an annual settlement, the defendants were not precluded from disputing its correctness, and it was not entitled to the force of a judgment against them.

Wherefore the judgment at general term must be reversed, and that at special term affirmed. The other judges concur, except Judge Vories, who is absent.