ANDREW W. MURPHY, Appellant, *v.* GEORGE T. MURPHY, Administrator, etc., *et al.*, Respondents.

### April 25, 1876.

1. A distributee of an estate, though not a party to the record, may appeal from the allowance of a demand in the Probate Court.

2. A balance found in favor of a guardian, on settlement made by him in the Probate Court, after the death of his ward, without the notice required by law for final settlement, is not conclusive evidence in favor of the guardian in a suit to establish this balance against the estate of his ward.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

*A. McElhinney*, for appellant, cited : Asbury *v.* McIntosh, 20 Mo. 278 ; Whittelsey's Pr. 592 ; Zurnwalt *v.* Zurnwalt, 3 Mo. 269 ; Harrison *v.* Nixon, 9 Pet. 484 ; Martin *v.* Kanons, 2 Abb. Pr. 392 ; Matter of Bristol, 16 Abb. Pr. 397 ; Anderson *v.* Jones, 11 Iowa, 11 ; Philips *v.* Shelton, 6 Iowa, 545 ; Thompson *et al.* *v.* Cox, 8 Jones L. 311 ; Dunlap *v.* Commonwealth, 2 Call, 284 ; Beazley *v.* Prentiss, 13 Smed. & M. 97 ; Kelly's Probate Guide, 374 ; Schouler's

Dom. Rel. 464 ; State to use v. Roland et al., 23 Mo. 95 ; Mitchell v. Williams, 27 Mo. 399 ; Brent v. Grace's Admr., 30 Mo. 256 ; Withers et al. v. Hickman et al., 6 B. Mon. 295 ; Matter of Bostwick, 4 Johns. Ch. 100 ; 16 Ind. 97 ; Smith's Appeal, 30 Penn. 397 ; Stewart et al. v. Caldwell et al., 54 Mo. 537.

J. P. Vastine, for respondents, cited : Wag. Stat. 120, secs. 3, 6, p. 65, sec. 81, p. 681, sec. 48 ; Mo. Stat. (1855) 125, sec. 125, and note a ; Mitchell v. Williams, 27 Mo. 95 ; State to use v. Roland, 23 Mo. 397 ; Galloway v. Woods, 31 Mo. 351.

BAKEWELL, J., delivered the opinion of the court.

Andrew W. Murphy was guardian of Inez M. Murphy, deceased, whereupon Andrew W. Murphy, at the March term, 1874, of the Probate Court of St. Louis county, presented a settlement of accounts with his ward up to the time of her death. This settlement was entitled by him a final settlement, but was made without the advertisement required by law for final settlements of guardians and curators. At the next June term, Lewis F. Casey, who claimed to be an heir of Inez M. Murphy, submitted exceptions to the settlement ; and the Probate Court found a balance due the guardian, by the estate of his ward, of $887.65. Defendant George T. Murphy was appointed administrator of Inez M. Murphy. Andrew W. Murphy then presented for allowance, against the estate of Inez, a claim for the balance of $887.65, appearing to be due him by his last statement. This claim, with interest, amounting altogether to $914.27, was allowed in the Probate Court. Within ten days from the date of said allowance, Joseph P. Vastine, as attorney for Lewis F. Casey, filed an affidavit and bond for an appeal from this judgment of the Probate Court, and the appeal was allowed. On trial de novo in the Circuit Court, the claim of Andrew W. Murphy against the estate of his late ward was disallowed, and judgment for costs rendered against Andrew W. Mur-

phy, who, having filed a motion for a new trial, which was overruled, brings the cause here by appeal.

It appears from the record that, before any evidence was offered in the Circuit Court, plaintiff made a verbal motion to dismiss the appeal, on the ground that it did not appear that appellant was a competent party to take an appeal in the cause. This motion was overruled.

We do not think that the court erred in overruling this motion. If Casey was an heir of Inez Murphy, and a distributee of her estate, he was a party in interest, though not a party to the record. A distributee of an estate is not a party to the record, yet he can appeal from an order of distribution; and why should it be said that he cannot appeal from an allowance that will swallow up a great part of the estate? The affidavit for appeal is not contained in the bill of exceptions. However, the certificate of the clerk of the Probate Court is in evidence, which says that the affidavit was "filed by Joseph P. Vastine, attorney for Lewis F. Casey, one of the heirs of Inez M. Murphy, deceased." As the law requires that the administrator should file, in the clerk's office of the Probate Court, on taking charge of the estate, an affidavit of the names of the heirs, we think that it may be taken sufficiently to appear, for the purpose of sustaining the right of appeal, that Casey was an heir of the deceased and a distributee of her estate.

The following declaration of law, asked by plaintiff, was refused:

"The court declares the law in this case to be that the settlement of Andrew W. Murphy, as guardian of the person and estate of Inez M. Murphy, read in evidence, is conclusive evidence of appropriations by the Probate Court for the benefit of the ward, to the amount of the balance found in favor of the guardian at the said settlement, and is conclusive in this form of action against the estate of said ward; and if the evidence shows that this demand against

her estate is founded on the balance so found at the final settlement of said guardianship, then the plaintiff is entitled to recover in this action the amount of the balance so found, with interest thereon from the time of the settlement."

This instruction was properly refused; it is not the law. And, as no evidence of a demand against the estate, except this pretended final settlement, was introduced, the court properly found for defendant.

The settlement offered was binding and conclusive on no one. It had merely the effect of an annual settlement, open to revision and amendment at any time. The only settlement that concludes the guardian of the ward is a settlement made on notice to all concerned, by advertisement, and in compliance with the provision of secs. 48, etc., of the statute concerning guardians and curators. The balance appearing in favor of Andrew W. Murphy, as this last settlement, is no judgment in favor of the guardian, and is not evidence on which to base an allowance in his favor against the estate of his ward. *Wyatt* v. *Woods,* 31 Mo. 351; *State, to use of Thornton,* v. *Hoster,* 61 Mo. 544; *Folger* v. *Heidel,* 60 Mo. 284.

The judgment of the Circuit Court is affirmed. The other judges concur.