STATE OF MISSOURI, EX REL. HERMANN KOCH, Respondent, *v.* BERNARD ROEPER ET AL., Appellants.

### April 27, 1880.

1. Where a guardian neglects or refuses to pay the balance due the ward at his majority, the ward may at once bring suit on the guardian's bond, without waiting for a final settlement.
2. An annual settlement is not judicial in its character, and may be reviewed in an action on the guardian's bond, brought before final settlement.
3. In such an action, where the guardian's accounts are referred for reëxamination, the referee may refuse to admit balances found in the guardian's annual settlements as *prima facie* in his favor.
4. Where one files in the Probate Court a receipt from himself as guardian, to himself as administrator, for a fund by the court ordered to be paid by himself as administrator, to himself as guardian, the receipt is competent in an action on his bond as guardian.

APPEAL from the St. Louis Circuit Court, WICKHAM, J. *Affirmed.*

E. T. FARISH, for the appellant, cited: *The State to use* v. *Hoster*, 61 Mo. 544; *Murphy* v. *Murphy*, 2 Mo. App. 156; *The State to use* v. *Rosswaag*, 3 Mo. App. 11.

FINKELNBURG & RASSIEUR, for the respondent, cited: *Sheets* v. *Kirtly*, 62 Mo. 417; *In re Davis*, 62 Mo. 453; *Kidd* v. *Ginbar*, 63 Mo. 372; *Murphy* v. *Murphy*, 2 Mo. App. 156; *Flach* v. *Fassen*, 3 Mo. App. 561.

BAKEWELL, J., delivered the opinion of the court.

This was an action to the use of Koch against his former guardian and the sureties on his bond, for an amount claimed to be due to the ward by his guardian, and which the guardian had failed to account for and pay over to Koch after attaining his majority.

The cause was referred. Exceptions were filed to the referee's report, all of which were overruled, except the fifth, as to charging interest at ten per cent, with annual rests. This exception alone was sustained, and judgment was entered on the report for $12,921.68.

1. It is contended by appellants that the minor cannot proceed against the guardian and his sureties, by an action in the Circuit Court, whilst the final settlement on the guardian is filed in the Probate Court, and has not yet been passed upon there. In this case it appears that the ward attained his majority in October, 1877; that shortly afterwards, and at the October term of the Probate Court, a paper, purporting to be a final settlement, was filed in that court, after the notice required by the statute; that after the majority of his ward, the guardian attempted in vain to obtain a discharge from his ward, and that this action was commenced on March 16, 1878.

This question has been passed upon by this court in *The State to use* v. *Rosswaag*, 3 Mo. App. 11, and *Flach* v. *Fassen*, 3 Mo. App. 561. The ward cannot be compelled to wait for final settlement in the Probate Court, but may sue in the Circuit Court on the guardian's bond, if the amount due to him is not paid to him on attaining his majority.

2. It is claimed that the referee erred in excluding the annual settlements of the guardian which were offered by him as *prima facie* evidence that the balances shown in these settlements were correct.

The annual settlements of a guardian are merely *ex parte*. They are not in any sense judicial in their character. They merely show the state of the guardian's account, as exhibited by him. On final settlement, they are merged in that settlement, and are open at all times to correction and examination until the final settlement has been made. The balance found is no judgment of the Probate Court that that amount is due from the guardian to the estate, or from the estate to the gurdian, as the case may be. 62 Mo. 417, 453; 63 Mo. 342; 2 Mo. App. 156. The introduction of these balances could have served no purpose in the present case, in which it became the duty of the referee, under the issues presented in the pleadings, to reëxamine

the accounts of the guardian, and to rectify errors in previous settlements. In *The State to use* v. *Hoster*, 61 Mo. 545, which was a suit against the guardian, and the sureties on his bond, by the ward, the last annual settlement of the guardian was offered in evidence, and was objected to by the sureties as not competent evidence against them, and was excluded by the trial court on the ground that it was merely an annual settlement; and this action was sustained on appeal. There it was distinctly held that the balance appearing to be due on settlement could not be shown as even *prima facie* evidence against the sureties. And in *Murphy* v. *Murphy*, 2 Mo. App. 156, it was held by this court that an annual settlement of a guardian was not evidence to support a judgment for the balance stated in the settlement in favor of the guardian against the estate of his deceased ward, and that as no other evidence of indebtedness appeared, the judgment was necessarily entered for defendant.

3. Defendant Roeper had been administrator of the estate of Henry Koch, deceased. He made a final settlement of that estate, and, on this settlement, a money-judgment was entered for $10,904.43, which he was ordered to pay to himself in cash, as guardian of plaintiff's relator. This judgment he satisfied by filing his receipt for so much cash. For the purpose of showing that, as guardian, Roeper received this amount wholly in cash, and not partly in notes, this final settlement was offered by plaintiff, and admitted by the referee. It is contended here, and was objected below, that the final settlement of Roeper as administrator was not competent evidence against him as guardian, and against his sureties. There is nothing in the objection. Appellant does not suggest any reason why the settlement should not be competent for the purpose for which it was offered. The judgment and receipt were conclusive against Roeper as to the character and amount of the fund received by himself as guardian, from himself as administrator, and

certainly made a *prima facie* case against the sureties as to this item of his liability as guardian.

No other matters are objected here against the validity of this judgment. It is therefore affirmed. Judge HAYDEN concurs ; Judge LEWIS is absent.