ROBERT TILLSON, appellant,

*vs.*

WILLIAM H. SMALL, administrator.

Androscoggin.    Opinion January 27, 1888.

*Probate law.    Appeal.    Husband and wife.*

A husband may appeal from the decree of distribution upon his wife's estate. But, where he has assigned his share to the administrator for certain uses, the decree of the probate court, allowing the administrator's account, which accounted for the husband's share in the manner directed in his assignment, will be sustained.

The decree of distribution must be among all those entitled by law to share in the estate, though some of the shares have been assigned.

Appeal from decree of the judge of probate.

The point is stated in the opinion.

*Geo. C. and Charles E. Wing*, for the plaintiff.

*Frye, Cotton and White*, for the defendant.

HASKELL, J.    Probate appeal by the husband of his deceased wife to the allowance of her administrator's final account.

It is objected that the appellant is not entitled by law to take the appeal, because he had released to the administrator in trust for the heirs at law all his interest in the estate.

"Any person aggrieved by any order, sentence, decree, or

denial" of judges of probate, "except the appointment of a special administrator, may appeal," etc. R. S., c. 63, § 23.

By statute the appellant takes a distributive share in his wife's estate, and should he be unlawfully deprived thereof by a decree of the judge of probate, he certainly would be aggrieved.

In the case at bar the judge of probate decreed the allowance of the appellee's final account disposing of all the personal estate without according to the appellant his distributive share therein; and whether such decree was lawful cannot be ascertained by the appellate court unless this appeal could be taken. A decree of distribution must be among all entitled by law to a share in the estate to be divided, even though some shares may have been assigned; but payment to the assignee might be required as a compliance with the decree. *Knowlton* v. *Johnson,* 46 Maine, 489; *Grant* v. *Bodwell,* 78 Maine, 460.

The appellant executed a release under seal of his interest in the estate. He did it voluntarily. No fraud is shown. He had ample opportunity to read and know the contents of it, and must be presumed to have availed himself of the privilege.

Having released to the administrator in trust for others his distributive share, he shows no reason to revise the decree allowing the account, showing a disposal of his share according to his release.

*Decree of judge of probate affirmed with costs. Case remanded.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.