IN THE MATTER OF THE ESTATE OF PRISCILLA A. DANFORTH, Deceased; ELIZABETH W. McCANSE, Objector and Respondent, v. CHARLES H. GOFFE, Administrator and Appellant.

St. Louis Court of Appeals, May 12, 1896.

1. **Administration**: NOTICE OF APPEAL. When an appeal is taken from the allowance of the final settlement of an executor or administrator in the probate court, no notice thereof is requisite.

2. ———: RIGHT OF DISTRIBUTEE TO APPEAL. A person entitled to a share of the residuary estate of a testator is entitled to take such an appeal, if he claims that on a proper final settlement there will be funds on hand for distribution to him.

3. ———: PRACTICE APPELLATE: APPEAL FROM FINAL SETTLEMENT. The final settlement of an executor or administrator is analogous to an accounting before a master in chancery. The proceedings on the filing of exceptions thereto are essentially equitable, and will be reviewed as such by this court.

4. ———: CHARGING ADMINISTRATOR WITH INTEREST. An administrator should be charged with interest on funds which have remained in his hands for several years, when he has unnecessarily delayed the final settlement and distribution of the estate.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

REVERSED AND REMANDED *(with directions).*

*Rathbun & Son* for appellant.

*A. Harrington* and *Henry C. Young* for respondent.

(1) No notice of appeal is required, in order to perfect an appeal from an order or judgment of the probate court. R. S., secs. 291, 292; *Harrington v.*

*Evans*, 49 Mo. App. 372; *Westpheling v. Enright, Adm'r*, 60 Mo. 279; *Stephens v. Bernays*, 119 Mo. 143, 149. (2) Elizabeth McCanse is shown by the record to have had an interest in the matter of this final settlement as one of the heirs and next of kin of Priscilla A. Danforth, deceased. *Swan Est. v. Cunningham*, 54 Mo. App. 17, 2 Black, Com., *p. 429; *Sabin v. Harkness*, 4 N. H. 415; *In re widening Beckman Street*, 4 Bradf. 502; *Wyncoop v. Wyncoop*, 42 Pa. St. 293; *Pierce v. Swan Pt. Cem.*, 1 Mo. App. 136; *Deurell v. Hayward*, 9 Gray, 248; *Bogert v. Indianapolis*, 13 Ind. 134. (3) The burden was upon the administrator to show that the amount claimed by him for the monument was reasonable, was actually paid out, and not excessive. He can not reap profit out of his trust relation. 2 Woerner's Am. Admin. Law, p. 1188, sec. 540; *Bent v. Priest*, 86 Mo. 475, 482. (4) The finding of the lower court upon the question of interest should be sustained. *In re James L. Davis, Ex'r*, 62 Mo. 452; *Clyce v. Anderson*, 49 Mo. 37; *Madden, etc., v. Madden, etc.*, 27 Mo. 544; *Julian v. Wrightsman*, 73 Mo. 569; Woerner's Am. Admin. Law, p. 1138, sec. 511.

BIGGS, J.—Priscilla Danforth died testate in Greene county in 1885. After specifically devising her real estate, she gave the following directions in the will as to the personal property, to wit: "It is my will and desire that my money on hand at my death, and all other personal property that I may then be possessed of, be applied, first, to my debts, if any, second, my funeral expenses, and fixing up my and my deceased husband's graves with the remainder, if any." James W. Doling was named as executor. This will was admitted to probate in December, 1885, and, Doling having refused to qualify, the appellant Goffe, who at the time was public administrator of the county, was

ordered to take charge of the estate. On the eighth day of November, 1893, the administrator filed his final settlement of the estate in the probate court. The settlement was continued until the August term, 1894, of the court, to wit, the thirty-first day of August, when the respondent, Elizabeth W. McCanse, who claimed to be one of the heirs at law of the deceased, appeared and filed numerous objections and exceptions to the settlement. The exceptions were heard and overruled on the following day. On the eighth day of September following, and during the continuation of said August term, Mrs. McCanse filed her application for an appeal supported by affidavit. On the fifteenth of the same month, to wit, on the twenty-second day of said August term, the appeal was granted, a satisfactory appeal bond having been filed. When the case reached the circuit court, the administrator moved to dismiss the appeal for the alleged reasons that the appeal was irregularly taken, that he was given no notice of the appeal, and that Mrs. McCanse was not an interested party. The circuit court overruled the motion, and the appellant excepted. We had better dispose of this assignment first.

Touching all final orders or judgments in the administration of an estate, the right of appeal is given to any heir, devisee, etc., having an interest in the estate. R. S. 1889, sec. 285. Such appeals must be taken during the term at which such order or judgment is rendered, or within ten days thereafter, etc. R. S., sec. 286. As the appeal here was taken during the term at which the final order was made approving the settlement and discharging the administrator, and as the statute does not require notice of appeal to be given to the appellee (*Westpheling v. Enright*, 60 Mo. 279), the motion to dismiss was properly overruled, unless Mrs. McCanse had no interest in the disposition

of the residue of the estate. The will devised to her certain real estate, which she received. She is designated in the will as the grandniece of the testator. The evidence taken on the motion to dismiss is not preserved in the bill of exceptions, but the evidence at the trial shows that the deceased had no children; that she left surviving her one sister and two or three brothers, and that Mrs. McCanse is the daughter of a deceased sister. As Mrs. Danforth must be considered as having died intestate as to the residue (if any) of her personal estate, after paying debts· and fixing up the graves, it is clear that Mrs. McCanse would be directly interested in such residue; and, as she claimed that upon a proper settlement there would be something for distribution, we must hold that her right to file exceptions and to appeal are beyond dispute.

On the trial in the circuit court all exceptions and objections were overruled, except that the administrator was charged with $240 additional interest on money belonging to the estate, and that $250 were deducted from the amount claimed to have been paid by him for a monument for the graves. In all other respects the settlement was approved. According to the settlement as made up in the circuit court, there was a balance due the estate of $439.65. From that judgment the administrator has appealed.

Before going into the merits, it is necessary to recur to a question of practice which we decided in *Re Estate of Meeker*, 45 Mo. App. 186, a case which counsel on both sides seem to have overlooked. We there held that the administration and settlement of an estate in the probate court was analogous to a proceeding to take an account before a master in chancery, and that, where objections or exceptions to such a settlement are filed, the proceedings thereon are essentially equitable and must be tried and reviewed as such.

Hence, in determining the assignments here, we will look into all of the evidence.

We think that the ruling of the circuit court as to the additional charge of interest ought, in the circumstances of the case, to be upheld. The appellant took charge of the estate in 1885. He received in cash $200. Soon after taking charge of the estate he collected a note amounting to $800, and the sale of the personal effects amounted to $400. There were no debts except the funeral expenses, and there was nothing for the appellant to do except to fix up the graves. He delayed doing this for over five years. During that time he says that he kept the money on deposit in bank and received no interest. As an excuse for this great delay, he stated that there was contention among the heirs as to the proper construction of the will, and that, after several years of strife and controversy with them, he filed a suit in the circuit court praying for a construction of the will. We can see but little room for difference of opinion as to the meaning of the clause of the will above set forth; but, granting that the appellant was justified in asking for its interpretation, he was not justified in waiting four or five years before doing so. Whether an executor or administrator should be charged with interest on funds in his hands must depend upon the circumstances of each individual case. If he uses money in his individual business, he must account for the highest rate of interest; if he loans it under the orders of the court, he must account for the interest received; and if he unnecessarily delays the final settlement and distribution of the estate, thereby depriving the distributees of their money, he ought to account for reasonable interest. *Gregory v. Menefee*, 83 Mo. 413. In the present case the circuit court found that the appellant had in his hands for a period of five years or more at least $1,000 belonging to the

In re Estate of Danforth.

estate, and upon which he ought to pay four years' interest at the rate of six per cent per annum. We deem this to be very reasonable, and will, therefore, not interfere.

The ruling of the circuit court as to the cost of the monument we conceive to be against the decided weight of the evidence. The contract made with Wheete, the marble dealer, was for $750 for the monument in place. Of this amount the appellant paid $500 in cash, and, under a subsequent arrangement and in settlement of the balance due, he conveyed to Wheete a lot in the city of Springfield, which all of the evidence tends to show was reasonably worth $250. Five witnesses, including Wheete, testified by deposition that they were engaged in the marble business and had been for many years, and that $750 was a reasonable price for the monument. Two witnesses for the respondent placed its value at between $400 and $500. The kind of monument, and, under certain limitations, the price to be paid, were questions for the appellant to decide. The will gave no specific directions as to these matters. Hence, in our opinion, to justify the disallowance of the credit either in whole or in part, the evidence ought to be sufficient to show fraud in making the contract, and not simply that the appellant gave something more than the monument was reasonably worth. The evidence does not convince us of any bad faith in the transaction on the part of appellant. Indeed, the great weight of the evidence shows that he gave no more than the work was reasonably worth. Hence, we are of opinion that he is entitled to credit for the entire contract price.

The judgment will therefore be reversed, and the cause remanded with directions to the circuit court to make up the final settlement in conformity with this opinion. All the judges concur.