State ex rel. v. Strickland's Adm'r.

THE STATE OF MISSOURI ex rel. J. F. STRICKLAND, Appellant, v. J. H. STRICKLAND'S ADMINISTRATOR et al., Respondents.

Kansas City Court of Appeals, May 8, 1899.

1. **Guardian and Curator**: ANNUAL SETTLEMENT: PRIMA FACIE EFFECT OF: NOT FINAL. An annual settlement of a curator is presumptively correct, and the onus of showing the contrary rests upon the ward attacking it. Such settlements, however, are not conclusive but may be inquired into on final settlement, or, in the absence of such settlement, in an action on the curator's bond.

2. ———: BOARDING OF WARD: CURATOR'S SURETY: ALLOWANCE. Where a curator's surety boards the ward with the reserved right to charge therefor and subsequently does secure an allowance of the same, such allowance is *prima facie* right though the surety would not have made such charge but for his liability for the default of his principal on the bond.

3. ———: ALLOWANCE AGAINST ESTATE: NOT FINAL. An allowance in favor of a curator for the board of the ward does not bar a future investigation of the matter, but where credit for the allowance is taken in the annual settlement it then becomes *prima facie* in the curator's favor.

4. ———: PAST MAINTENANCE. That an allowance is for past maintenance and support does make it an illegitimate charge against the estate.

*Appeal from the Dallas Circuit Court.*—HON. ARGUS COX, Judge.

AFFIRMED.

J. W. MILLER and LEVI ENGLE for appellant.

(1) The declaration of law on the part of defendants was wrong and should not have been given. Even if it be conceded for the sake of the argument that it was proper the *prima facie* evidence was clearly and positively overcome by

the evidence. The testimony of defendant Clement Strickland, alone, showed beyond a doubt that the object of J. H. Strickland in making the charge and securing the allowance of the $251 was to offset his liability as surety on Z. T. Strickland's bond and not for a *bona fide* claim against relator or his estate. (2) The court should have given declaration of law numbered 6, asked for by relator. The judgment for $251, recovered by J. H. Strickland against the estate of his ward was and is null and void for the reason: First, the ward was a minor and no guardian *ad litem* was appointed to defend for him. Second, the defendant minor was never served with notice of the suit against him or his estate. Campbell v. Gas Co., 84 Mo. 352; Nagle v. Schilling, 14 Mo. App. 576. Third, the curator being plaintiff, his interest was antagonistic to that of his ward and he could not defend his ward's interests. Such a position placed him in the attitude of suing himself or prosecuting and defending the same action. The law does not tolerate such a thing. State to use v. Bidlingmaier, 26 Mo. 483; State to use v. Reinhardt, 31 Mo. 95; Clark v. Crosswhite, 28 Mo. App. 34. (3) The probate court has no jurisdiction to allow a curator, as such, a claim or demand that accrued to him in his individual capacity against his ward previous to the time he became curator. Cresswell v. Mathews, 12 S. W. Rep. 158. The probate court has no jurisdiction to entertain a suit on account against a minor or his guardian. Cresswell v. Mathews, *supra*.

John S. Haymes and A. D. Bennett for respondents.

(1) The conversion claimed by relator is a claim allowed to J. H. Strickland by the probate court which had had jurisdiction of relator's estate for many years. That court had ample power to make an allowance for relator's past or future support. R. S. 1889, secs. 5297, 5305; Johnson v. Beazley, 65 Mo. 250; Waterman v. Wright, 36 Vt. 164-169; Brent v. Grace, 30 Mo. 253; Folger v. Heidel, 60 Mo. 284;

State to use v. Miller, 44 Mo. App. 118. And its orders and settlements made therein are *prima facie* correct. Woerner's Am. Law of Administration, p. 327, sec. 145; Wiseman v. Wheeler, 26 N. E. Rep. 552; Mitchell v. Williams, 27 Mo. 399; West v. West, 75 Mo. 204; State to use v. Jones, 89 Mo. 470; Myers v. Myers, 98 Mo. 262; Ladd v. Stephens, 147 Mo. 319. Whether the *prima facie* case was overcome was a question alone for the trial court with whose finding this court will not interfere. McFarland v. Ass'n, 124 Mo. 204; Williams v. Monroe, 125 Mo. 574. (2) J. H. Strickland was charged with the whole amount due from the former curator, which was in excess of his claim and after deducting his allowance he properly accounted for relator's whole estate including that due from the former curator, and as he collected nothing due from the former curator, his claim was never in fact paid and he could therefore have been guilty of no conversion as charged in the petition. This is not a suit for a failure to perform a duty. And while it is held in Texas, Sargent v. Wallis, 3 S. W. Rep. 721, cited by appellant, that when a debtor is appointed curator the debt thereby becomes paid and as cash in his hands and his securities liable therefor, this is because of their peculiar statute. Woerner's Am. Law of Administration, book 2, p. 632, sec. 311. Such a rule is not only inapplicable to this case because Strickland was only the surety of the debtor, but does not prevail in this state. See last citation. McCarty v. Frazer, 62 Mo. 263; State ex rel. v. Branch, 126 Mo. 458. Hence we submit that neither Strickland's estate nor his sureties, and especially the latter, can be held under such a rule.

GILL, J.—This is a suit on a curator's bond to recover the sum of $251 alleged to have been wrongfully appropriated by the curator. The facts are about as follows: While the plaintiff J. F. Strickland was a minor, he became entitled to a

small amount of money and his father, Z. T. Strickland was appointed curator and J. H. Strickland (father of said Z. T. and grandfather of J. F. Strickland) signed as one of the sureties on the curator's bond. Z. T. continued as curator until in the year 1885, when he died, owing his ward, as shown by the last annual settlement, the sum of $372.22. Thereupon, in August, 1885, J. H. Strickland was appointed curator and gave the bond here sued on. At the first annual settlement made in August, 1886, by said J. H. Strickland, he seems to have charged himself with the $372.22 the balance owing by his predecessor (though in fact said balance was not collected) and credited himself, among other things, with the $251 in controversy. This credit was asked by the curator and allowed by the probate court on account of the board and maintenance of the minor before this last curator (J. H. Strickland) took charge of the estate. It seems that even during the lifetime of the minor's father he was cared for and boarded by his grandfather, J. H. Strickland, and that when the latter came into the possession of the estate he (J. H.) presented the claim for $251 for such board, etc., and the same was allowed by the probate court.

Before the minor (J. F. Strickland) arrived at the age of maturity said J. H. Strickland (the curator aforesaid) died, and one Jones was appointed curator. It is conceded that said Jones as curator received from the estate of J. H. Strickland, the former curator, everything of value belonging to the minor's estate (except of course the alleged claim for $251); that when the minor (this plaintiff) became of age, said Jones made a final settlement with him and was discharged by the probate court. This suit then concerns alone the $251, which plaintiff claims was improperly allowed his grandfather (then curator) and it is now sought to recover back this amount in this action on the curator's bond given by said J. H. Strickland. At the trial below, by the court sitting as a jury, the judgment was for defendants and plaintiff appealed.

State ex rel. v. Strickland's Adm'r.

I. It is now the settled law of this state that the annual settlement of a curator or administrator is *prima facie* evidence in his favor.     In other words, such annual settlement is presumptively correct, and the onus of showing the contrary rests on the ward or other persons attacking it.     Myers v. Myers. 98 Mo. 262 (overruling State to use, etc., v. Roeper, 82 Mo. 57); Ladd v. Stephens, 147 Mo. 219; s. c. 915; 2 Woerner on Law of Administration, sec. 504.     Such periodical statements, approved by the court, are not conclusive, but may be inquired into and corrected at the final settlement, or, where there is no final settlement, in an action on the bond of the curator or administrator.     State to use, etc., v. Miller, 44 Mo. App. 118.     The trial court then had a correct view of the law of this case when it was declared that the allowance of the credit of $251 by the probate court in the settlement of J. H. Strickland as curator in his first annual settlement, "is *prima facie* evidence in favor of the defendants in this case, and unless relator has shown that the same was an improper allowance the finding must be for the defendants." In the opinion of the trial judge the plaintiff did not produce that preponderance of evidence to justify it in setting aside the credit of $251 allowed by the probate court.     Nor are we prepared to say that the court erred in its judgment.     We are not authorized to reverse that finding except on clear and overwhelming proof.     This record falls far short of showing that.     The evidence, though meager, justifies the conclusion that J. H. Strickland, the curator, was entitled to the sum allowed for the board and maintenance of the minor.     Reading between the lines it appears that said J. H. (plaintiff's grandfather) boarded and maintained the boy during his minority and did so with the understanding that he was to receive pay therefor. · It may be as contended by plaintiff's counsel, that but for J. H. Strickland's liability on the bond of the first

*Margin notes:*
GUARDIAN and curator: annual settlement: prima facie effect of: not final.

——: boarding of ward: curator's surety: allowance.

curator he would not have made the charge (though even that is in doubt) yet as the evidence tends to show that he reserved the right to charge the minor's estate and did subsequently present his claim with proof to the probate court where the same was allowed, the burden was cast on the plaintiff to show to the satisfaction of the trial judge that said charge was improper. This was not shown nor was there a particle of evidence to prove that the charge was excessive.

We attach no importance to the so-called suit in the probate court, except that it shows that the court investigated the claim. Plaintiff is right in the contention that ——: allowance such proceeding was unauthorized and did not against estate: not final. bar a future investigation of the matter. But it appears that the claim or credit of the curator went into his annual settlement and was there allowed. And as already stated this allowance made a *prima facie* case in the curator's favor.

That the credit was for and on account of past maintenance and support did not destroy it as a legitimate charge against the estate. Folger v. Heidel, 60 Mo. ——: past main- 284; Brent's Guardian v. Grace's Adm'r, 30 tenance. Mo. 253. We discover no reason for disturbing the judgment and it will therefore be affirmed. All concur.