GEORGE HAMMERS, Appellant, v. VOLLEY H. SANDERS, Respondent.

**Kansas City Court of Appeals, April 4, 1904.**

ADMINISTRATION: Appeal: Heir's Right to: Heir's Administrator: Divorce. Mrs. H., a divorced wife, died leaving surviving her a son by her divorced husband. The son died the next day. S. bought the father's interest in the son's estate which descended from his mother and administered thereon. *Held,* that S. had a right to an appeal from an allowance by the probate court against the estate of Mrs. H. since he was both the heir of the deceased infant and its administrator and the divorce did not affect the husband's right as heir of his son.

Appeal from Worth Circuit Court.—*Hon. Gallatin Craig,* Judge.

AFFIRMED.

*W. H. Crawford* for plaintiff.

(1) Appellant must have an appealable interest in the subject-matter of the suit. If he has not, his appeal will be dismissed. Kinealy v. Macklin, 67 Mo. 95. (2) A person is entitled to appeal if he claims that on a proper final settlement there will be funds on hand for him. In re Danforth Estate, 66 Mo. App. 586. (3) The interest of party appealing must be apparent on the record. Zumwalt v. Zumwalt, 3 Mo. 369. (4) The mere contingency of an interest is not a substantial appealable interest. Lawless v. Reagan, 128 Mass. 592. Surely the interest of appellant Sanders is a mere contingency of an interest. (5) The motion to dismiss the appeal should have been sustained on the further ground that appellant, Sanders, had no interest, actual or contingent, in the estate of Lizzie J. Horn.

The court will notice by the admissions heretofore referred to that Lizzie J. Horn was formerly married to one Cornelius Horn and that she had been divorced from her said husband on account of the fault of her said husband. R. S. 1899, sec. 2929; Highley v. Allen, 3 Mo. App. 526.

*Leo M. Phipps* and *Benson & Perry* for respondent.

(1) The infant child, Hiram Horn, having left no children, mother, brothers, sisters or their descendants, his interest in his mother's estate went to his father. R. S. 1899, sec. 2908; Harbison v. Swan, 58 Mo. 147; Lynde v. Williams, 68 Mo. 369. (2) Under Revised Statutes 1899, sec. 2918, the issues of marriages, annulled by law, are legitimate, and inherit from either of their parents, and either parent will inherit from such children. Dyer v. Brannock, 66 Mo. 419; Linecum v. Linecum, 3 Mo. 441; Gates v. Seibert, 157 Mo. 273. (3) The right of appeal from allowance of a demand in the probate court, "extends to any heir, devisee, legatee, creditor or other person having an interest in the estate." R. S. 1899, sec. 278; Harrington v. Evans, 49 Mo. App. 372; Martin v. Nichols, 63 Mo. App. 342; In re Danforth Estate, 66 Mo. App. 586; Murphy v. Murphy, 2 Mo. App. 156; Nolan v. Johns, 108 Mo. 431; 2 Woerner Am. L. Ad., p. 1193, sec. 544; Crawford v. Dixon, 97 Mo. App. 558; 2 Ency. Plead. and Prac., pp. 168, 169, 171, 172, and notes. (4) The respondent, Volley H. Sanders, as administrator of the estate of the infant son, Hiram Horn, would be entitled to the personal estate which might be coming to said infant from the estate of his mother. Therefore, said respondent, as administrator of the said infant, would have the right of appeal from the allowances in this case, in order to protect the personal estate to which he might be entitled as such administrator. An administrator of an heir, may appeal where the heir might, if living. Arnold v.

Brooks, 36 Vt. 204; Mather v. Bennett, 21 N. H. 188; Edward's Suc., 34 L. A. Ann. 216; Richardson v. Martin, 55 N. H. 45.    (5) Where by statute, the appellant takes a distributive share in his deceased wife's estate, he may appeal from the allowance of an administrator's final account, although he has assigned to the administrator, in trust for the heirs at law, all his interest in the estate. Tillson v. Small, 80 Me. 90.

ELLISON, J.—This proceeding was begun by plaintiff filing with the probate court of Worth county a claim against the estate of Lizzie J. Horn for $301. The claim was allowed by the probate court and the administrator did not appeal.    Thereupon the respondent, Sanders, filed an application for an appeal stating therein that he was interested in the estate and what was his interest.    The probate court granted the appeal to the circuit court.    In the latter court the plaintiff filed a motion to dismiss the appeal on the ground that Sanders had no appealable interest.    The court overruled the motion and afterwards, a trial being had, judgment was rendered for the defendant, and plaintiff has brought the case here, presenting the sole question whether the ruling of the probate and circuit courts sustaining Sanders' right to appeal was correct.

In the consideration of the case it was admitted that Mrs. Horn had been duly divorced from her husband, Cornelius Horn, for his fault.    That afterwards she died leaving an infant son, the child of Cornelius, and that this, her only child, died the next day after his mother. That this child left surviving him his father, Cornelius. That Mrs. Horn left an estate of real and personal property.    That after the death of the child Sanders purchased of Cornelius, the father, all of his interest in the estate of the child.    It was further admitted that the child left no other estate than that descended to him from his mother, Mrs. Horn, and that the personalty of that estate was less than the claims presented and pending

in the probate court against her estate. Sanders was duly appointed administrator of the child's estate.

The statute grants the right of appeal from the allowance of a demand in the probate court, "to any heir, devisee, legatee, creditor, or other person having an interest in the estate." R. S. 1899, sec. 278; In re Danforth Estate, 66 Mo. App. 586; Murphy v. Murphy, 2 Mo. App. 156.

Upon the death of Mrs. Horn her estate descended to her infant child. And upon the child's death the next day such estate descended to his father, Cornelius. The estate descended to the child subject to the debts owing by the mother; and when upon the death of the child, that estate descended to the father, it was, of course, still subject to the debts of the mother. Then, when Sanders bought the father's interest he bought it encumbered by whatever the mother might owe. The amount of the estate he thus purchased depends upon the debts which may be against it. Manifestly, Sanders is interested in the estate and has an appealable interest therein. Otherwise, his whole interest could be unjustly taken from him while he stood by helpless.

But in addition to that, Sanders was the administrator of the child's estate. The child, as heir of the mother, under the express words of the statute, would have had a right to an appeal. Then, certainly, Sanders, as administrator, would have the same right. Arnold v. Waldo, Admr., 36 Vt. 204.

And so it is held that where the father died leaving a daughter as his heir and she died leaving children, the guardian of the latter could appeal from an allowance against their grandfather's estate. 21 N. H. 188; see also, Richardson v. Martin, 55 N. H. 45, and Tillson v. Small, 80 Maine 90. We do not regard authorities cited by plaintiff as applicable.

But it is contended by plaintiff that since Mrs. Horn had obtained a divorce from Cornelius, for his fault, he could not have inherited from her as the husband of a

deceased wife. But that is not the situation here. Cornelius is not considered as taking the estate of his former wife, but the estate of his son, who inherited it from the former wife. The fact that he was divorced for his fault from the mother does not affect his right to take the estate of their deceased child as its heir.

We think the judgment should be affirmed. All concur.