(Decided 23rd June, 1885.)

RICHARD B. PIERCE *vs.* THE STATE OF MARYLAND.

*Oleomargarine—Act of* 1884, *ch.* 243—*Indictment—Demurrer—Power of the Legislature to pass the Act of* 1884, *ch.* 243.

Section 2, of the Act of 1884, ch. 243, provides that every person who shall sell, or offer to sell, or have in his possession with the intent to sell the article known as " olemargarine," without being stamped as required by section first, and that every retailer who sells a package or parcel, without delivering to the purchaser the package or parcel labeled as required by the first section, shall, for each such offence, forfeit and pay a fine of one hundred dollars. And section 3 of the same Act provides that every person who shall

Pierce *vs.* State.

sell, or offer, or expose for sale the article known as "oleomargarine," without having it stamped or labelled as required by the first section, shall be guilty of a misdemeanor and be imprisoned in the county jail, &c. HELD:

That sections two and three were invalid, in so far as they prescribed different punishments for the same offence of selling, or offering for sale, what was known as "oleomargarine" without having it stamped as such—the former section imposing a fine of one hundred dollars, and the latter making it punishable by imprisonment in the county jail.

Section 3 of the Act of 1884, ch. 243, does not provide a punishment for one who has oleomargarine in his possession with intent to sell the same without being stamped as required by the first section; nor does it provide a punishment for one who sells it at retail without having the package stamped as required by said section; but for either one of these offences a party may be indicted and punished under the second section.

An indictment under the Act of 1884, ch. 243, charged a party with having in his possession an article known as "oleomargarine," with intent to sell the same at retail without delivering to the purchaser thereof a printed label bearing the word "oleomargarine." On demurrer to the indictment it was HELD:

That the indictment was bad in that it did not charge the traverser with any offence prescribed by the Act, and should be quashed.

The Act of 1884, ch. 243, does not prohibit the manufacture or sale of *oleomargarine*, but merely provides that when sold it shall be sold as *oleomargarine*, as an article made from the oil or fat of animals, and not from milk or cream. The power of the Legislature to pass such a law is too plain to be questioned.

APPEAL as upon Writ of Error, from the Criminal Court of Baltimore.

Richard B. Pierce was indicted under the Act of 1884, ch. 243, for unlawfully having in his possession a certain substance and article in semblance of butter, not the legitimate and direct product of the dairy, and not made exclusively from milk or cream, *with intent to sell the same by retail, without delivering to the purchaser thereof,* a printed, written, or stencilled label, bearing the printed,

written, or stencilled word " OLEOMARGARINE," in plain Roman letters, &c. The indictment was demurred to. The Court (FISHER, J.,) overruled the demurrer. On the plea of " not guilty " the traverser was convicted, and was fined a hundred dollars, and costs. He thereupon filed his petition alleging that he was aggrieved by the judgment of the Court in overruling the demurrer to the indictment, which should have been adjudged good :

1st. Because the Act of 1884, ch. 243, is unconstitutional and void.

2nd. Because said Act is invalid and void.

*a.* Because the title of said Act is bad.

*b.* Because the different sections of said Act, are in conflict with, and repugnant to each other, and impose different penalties for the same offence, and hence the Court could not know which to enforce.

3rd. Because the indictment does not charge any offence known to the law, or punishable under the law, and is bad.

The petitioner prayed the Court to direct the record of proceedings to be transmitted to the Court of Appeals as upon writ of error, to the end that the said alleged erroneous judgment might be examined and reviewed. The Court thereupon ordered the record of proceedings to be transmitted as prayed.

The cause was argued for the appellant before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J., and submitted on brief for the appellee.

*Edward C. Eichelberger,* for the appellant.

*Charles G. Kerr, State's Attorney for Baltimore City,* and *Charles B. Roberts, Attorney-General,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The Act of 1884, ch. 243, provides that every person who shall manufacture for sale, or who shall offer for sale, any article or substance, known as *oleomargarine*, shall cause every parcel or package, to be stamped in plain Roman letters, " OLEOMARGARINE;" and that every retailer shall cause every package sold by him to be stamped in the like manner.

Sec. 2 provides that every person who shall sell, or offer to sell, or have in his possession, with intent to sell, the article known as *oleomargarine* without being stamped as required by section first, and that every retailer who sells a package or parcel, without delivering to the purchaser, the package or parcel labelled as required by the first section, shall for each such offence forfeit and pay a *fine of one hundred dollars.*

Sec. 3 provides, that every person who shall sell, or offer, or expose for sale, the article known as oleomargarine without having it stamped or labelled as required by the first section of the Act, shall be guilty of *a misdemeanor,* and *be imprisoned in jail,* &c.

So far as selling, or offering for sale, what is known as oleomargarine without having it stamped as such, there is a plain inconsistency and repugnancy between the punishment prescribed by the second and third sections. By section two the offence is punishable by a fine of one hundred dollars, and by section three, the same offence is punishable by imprisonment in the county jail. To this extent these two sections must be adjudged invalid, because it is impossible for the Court to say, under which of these two sections the party is to be punished.

But section 3 does not provide a punishment for one who has oleomargarine in his possession, with intent to sell the same, without having it stamped as required by the first section ; nor does it provide a punishment for one who sells it at retail without having the package stamped

ås required by said section. For either one of these offences, a party may be indicted and punished under the second section. This indictment does not, however, charge the traverser with either of these offences, nor in fact with any offence prescribed by the Act. It charges him with having in his possession an article known as "oleomargarine," with *intent to sell the same without delivering to the purchaser* a printed label bearing the word "*oleomargarine.*" Now the Act does punish one for having *oleomargarine in his possession* without being stamped, *with intent to sell* it, and it also punishes one who sells it *at retail, without delivering to the purchaser,* a label bearing the word oleomargarine. In other words, in case of a retail sale, every separate package must be labelled as required by section first. But there is no such offence as having oleomargarine in one's possession with intent to sell it, without delivering to the purchaser the package stamped. It is the sale at retail and the delivery of the package, without being labelled, that the Act punishes. But it was impossible, in the nature of things, for the jury to find that the traverser intended to sell and to deliver that package without a label. He could not, nor does the Act require the seller to label it, until he has made the sale. He was required to label it, in order that the retail purchaser might know what he was buying.

The indictment being bad on its face, the demurrer ought to have been sustained.

There is no force in the objection to the Act on the ground of unequal or partial legislation. It does not prohibit the *manufacture or sale of oleomargarine,* but merely provides that when sold, it shall be sold as *oleomargarine*—as an article made from the oil or fat of animals, and not from milk or cream. The object of the law is to protect the purchaser against fraud and deception. If one wants to manufacture and sell it he can do so, but he must sell it as oleomargarine, and not as an article, the direct and legitimate product of the *dairy.*

Pierce *vs.* State.

The power of the Legislature to pass such a law is too plain to be questioned. The indictment, however, being bad, the judgment will be reversed.

*Judgment reversed, and*
*indictment quashed.*

(Decided 23d June, 1885.)