CHARLES E. MCALLISTER *vs.* THE STATE OF MARY-
LAND.

*Constitutionality of the Oleomargarine law.*

The Act of 1888, ch. 312, entitled, "An Act to prevent deception
in the sale or use of butter and cheese, and to preserve the public
health," is a lawful exercise of the police power by the State,
and is constitutional.

APPEAL AS UPON WRIT OF ERROR, from the Criminal
Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBIN-
SON, BRYAN, FOWLER, MCSHERRY, and BRISCOE, J.

*Edward S. Eichelberger*, for the appellant.

*James Hewes*, and * *Wm. Pinkney Whyte, Attorney-
General*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This appeal turns upon the constitutionality of sec-
tion 90 of Article 27 of the Code of Public General
Laws.

The traverser was indicted in the Criminal Court of
Baltimore City on the 28th day of February, 1890, under
sections 88, 89, and 90 of Article 27 of the Code (Act of
1888, chapter 312,) commonly known as "the Oleomar-
garine Law," and entitled an "Act to prevent deception
in the sale or use of butter, and cheese, and to preserve
the public health."

*Attorney-General Whyte submitted on his brief.

The indictment contained three counts. The first charging the traverser with selling an article of food, an article manufactured out of an oleaginous substance designed to take the place of butter.

The second, with unlawfully offering for sale as an article of food an article in imitation and semblance of natural butter; and the third with having in possession with intent to sell, a certain compound which was coated or colored with annotto or other coloring matter made in whole or in part from animal fat or vegetable oils, not produced from unadulterated milk or cream, whereby the said product, &c., did resemble butter, the product of the dairy.

The traverser demurred to the third count, which was overruled, and upon the plea of not guilty was acquitted by a jury upon the first and second counts, and found guilty on the third count.

The traverser filed a petition for writ of error, assigning for causes of error that sections 88, 89, 90 and 91 of Article 27 of the Code of Public General Laws, entitled " Fraud, Butter, Oleomargarine," are unconstitutional and void ; that the different sections of said Act are in conflict and repugnant to each other ; that the different parts of the 90th section, under which the traverser was convicted, are in conflict ; and because the third count of the indictment does not charge any offence known to the law.

It is only necessary in disposing of the various objections urged by the appellant to this Act to state that this Court in the case of *Pierce vs. State* overruled like objections to the constitutionality of the Act of 1884, chapter 243, which was a similar law.

In that case the Court held that there was no force in the objection to the Act on the ground of unequal or partial legislation, the object of the law being to protect the purchaser against fraud and deception, and that the

power of the Legislature to pass such a law was too plain to be questioned. *Pierce vs. State,* 63 *Md.,* 596.

In the case of *Powell vs. Pennsylvania,* 127 *U. S.,* 680, the Supreme Court of the United States held that this character of legislation is a lawful exercise by the State of the power to protect, by police regulation, the public health of the people, and for the prevention of fraud. " As government is organized for the purpose, among others, of preserving the public health and the public morals, it cannot divest itself of the power to provide for these objects."

This decision is affirmed in a later case by the same Court, *Dent vs. West Virginia,* 129 *U. S.,* 114, where it holds that " the power of the State to provide for the general welfare of its people authorizes it to prescribe all such regulations as in its judgment will secure, or tend to secure, them against the consequences of ignorance and incapacity, as well as *deception* and *fraud.*"

The object, therefore, of the Act of 1888, chapter 312, being clearly to protect the purchaser against fraud and deception, the Legislature had the right and power to pass this Act under and by virtue of the police power vested in it.

There being nothing to sustain the position for which the traverser contends, the judgment in this case will be affirmed.

*Judgment affirmed.*

(Decided 19th June, 1890.)