ADMINISTRATORS OF GARDNER G. SMITH, AND OTHERS *v.* THE ADMINISTRATORS OF JONA. WAINWRIGHT.

### *Practice.*

Where there was an appeal, under the statute of 1852, from a decree of the chancellor dissolving an injunction, and the plaintiffs objected, that the notice, being merely from the counsel, and not from any order of the court, was insufficient; it was held, that the notice was sufficient.

The act of 1852 provides, that the appeal " shall be heard, on the application of " either party, at the next session of said court sitting in any county in the State, " either in regular or circuit session." *Held,*—this, in terms, contemplates the next session after the appeal, if there is time to give notice in season for the hearing at that term, and if not, at the next session, at which such notice can be given.

Administrator of Smith et al. *v.* Administrator of Wainwright.

And when a case is brought into such term, it properly belongs to the docket of that county, and must be disposed of, the same as the other business of the term, at the regular term, if the time is sufficient, and if not, at the circuit session for that circuit.

The same case is reported in this volume, page 97, and on page 98 read.

*B. H. Smalley, A. O. Aldis,* and *J. & J. G. Smith* for orators.

*Barber & Bushnell* and *A. Peck* for defendants.

By THE COURT, REDFIELD, C. J. This is an appeal from the court of chancery in the county of Franklin, from an order dissolving an injunction temporarily restraining the defendants from collecting certain notes, to the amount of $10,000, and more. The principal case was before this court, on appeal, on the last circuit, and decided at our circuit session, in Chittenden county, in June last. The general object of the bill is to obtain a set-off against the notes enjoined, of damages claimed for the breach of a bond, under penalty of $10,000, for the exclusive trade and good will of a certain district of country.

We decided a large portion of the case, and indeed the whole case, as it then stood, against the orators, but ordered the case retained in the court of chancery, to await the determination of a suit, at law, upon the bond, to enable that court, in the event of the plaintiffs' recovering in the suit, at law, and a refusal of the party defendants to pay the amount of the verdict, or to apply it upon these notes, to grant such relief as should be equitable upon a supplemental bill.

The great and leading point to be established, as the basis of all proceedings in the court of chancery, is a recovery in the suit at law. We do not learn that any proceedings have been taken in that case. But one term has intervened, and perhaps it could not have been brought to an issue, so early as this. The chancellor having dissolved the injunction upon the defendants' notes, an appeal was taken to this court, under the statute of last session, which appeal the defendants bring into this term, for trial.

1. The plaintiffs object, that the notice, being merely from the counsel, and not from any order of the court, is insufficient. But

we think it was sufficient. It is much like a motion for an injunction, or to dissolve one before the court of chancery, and there, a notice from the party, or counsel, is always sufficient.

2. We are urged to continue the hearing of this appeal, into some other county, on the ground that the principal counsel are, at this time, engaged in attendance upon another court.

We should always be exceedingly rejoiced to accommodate, in regard to all such matters. But the statute gives a very extraordinary power to the parties, to appeal from the decision of a chancellor into this court, "upon the granting, dissolving, or refusing "to dissolve, any temporary injunction." And this appeal, for the time, as it seems to us, suspends all proceedings in the court of chancery, upon the case. It seemed necessary, therefore, to provide for a speedy determination of the appeal. To this end it is provided, that the appeal "shall be heard, on the application of "either party, at the next session of said court, sitting in any county "in the State, either in regular or circuit session."

We think this, in terms, contemplates the next session after the appeal, if there is time to give notice, in season for the hearing, at that term, and if not, at the next session, at which such notice can be given. It would be very inconvenient to the court, and the parties, to have these appeals traveling over the State, with this court. And as the words of the statute naturally lead to no such result, we are not inclined to adopt it, upon argument and construction.

We took the same view of this subject, in a case, at Middlebury, a few days since. We then held, that if neither party moved in the case, after the appeal was taken, it would regularly go into the supreme court, in the county where the suit was pending. If either party wished to expedite the hearing, they must bring it into the "next term of this court, sitting in any county in the State," in the words of the statute.

And when brought into such term, it was a case properly belonging to the docket of that county, and must be then disposed of, the same as the other business of the term, at the regular term, if the time was sufficient, and if not, at the circuit session, for that circuit. We have seen no cause, either in the argument of the plaintiffs, furnished us in writing, or from further examination of the statute, to change this determination. The case, then, being

properly here, must be disposed of at this term, or go into the circuit session, or be continued to the next regular term; having adopted a general rule not to allow cases to go into the circuit session, for trial, unless for want of time to hear them at the regular term, if this motion for delay were to prevail, it should regularly go to the next stated term. But it seems to us that the reasons are altogether inadequate to justify any delay. The subject is not one of much complexity, and by means of the published opinion of this court upon the case, the necessity of continuing an indefinite injunction upon these notes to so large an amount, could be very readily appreciated, by counsel not previously instructed in the case. And we think the party might have been prepared to hear the appeal, at this time, by that extraordinary diligence which, from the nature of the case, it seems to us, it was his duty to use. We have, therefore, felt it our duty to determine the appeal, upon such knowledge as we can get of the case, which we think sufficient to justify us in saying, that the only modification of the order of the chancellor, which we deem it needful to make, is, that the defendants shall file in the court of chancery, in Franklin county, for the benefit of the orators, a bond, with sureties to the satisfaction of the clerk of that county, in the sum of $12,000, conditioned to pay any sum which shall be decreed the orators in this case.

The mandate of this court, is: That the decree of the chancellor, from which this appeal is taken, be so far modified, as to require the defendants to file with the clerk of the court of chancery, in the county of Franklin, a bond, with sureties to the satisfaction of said clerk, in the penal sum of 12,000, conditioned to pay to the orators any sum which shall be decreed them in this case, before such dissolution of the injunction shall become operative, and in other respects that said decree be affirmed. The costs of this appeal to be taxed, by the chancellor, in the principal case, as he deems equitable, and the case is remanded to the court of chancery, from which it came, to be there proceeded with.