WYATT, EXECUTOR OF GALLOWAY, Respondent, v. WOODS
*et al.*, Appellants.

1. The disbursements made by a guardian out of the estate are to be ascer-
tained by the court, and if in rendering his account a balance should appear
in his favor, by reason of moneys voluntarily expended, exceeding in
amount the ward's estate, such settlement can not have the effect of a judg-
ment against the ward ; nor would such settlement be any evidence of in-
debtedness.

*Appeal from Weston Court of Common Pleas.*

*Merryman*, for appellants.

I. Annual settlements are not such judgments as will au-
thorize a suit in favor of the guardian against the ward, for
the reason that the law requires the guardian to make an an-
nual and to make a final settlement ; and before he can make

final settlement, he must give notice in some newspaper of his intention. Then the settlement becomes final and the ward is brought before the court to defend it. Annual settlements are like interlocutory decrees, but are made final by the rendition of a final judgment; and in order that the guardian may make a final settlement, he must comply with the law on his part, give notice and bring the ward before the court. His guardianship is still in the probate court, and the liability of the guardian is not released until he makes a final settlement; and the guardian and his settlements belong to that court. Guardians are also governed by the same laws that administrators are. (R. C. 1855, p. 828, § 31; 162, § 9, 16, 17; 161, § 11, 12; 535, § 15.) Administrators are not bound by a settlement made when they are not before the court. (Caldwell v. Lockridge, 9 Mo. 503; Anderson v. Anderson, 23 Mo. 379.) A judgment rendered against a party not before the court is void. (Sallee v. Hays, 3 Mo. 84; Webb v. Gamer, 4 Mo. 12.) In the case of Boyd, Exec'r, v. Kaufman, 1 Munf. 45–6, the court decided that the settlement of an executor's account without notice to him is void. In Cunningham v. Pool, 9 Ala., the court say that the annual settlement without notice is not complete till a final settlement is made.

*Burnes, Wolf & Burnes,* for respondent.

I. The settlement sued upon is equivalent to a judgment of a court of competent jurisdiction and is conclusive between the parties interested at law. It can only be reached by a direct attack in equity. (State, to use, &c., v. Rowland, 23 Mo. 97; Oldham et al. v. Trimble, 15 Mo. 225; Jones v. Brinker, 20 Mo. 87.)

II. This settlement of the guardian was left by the appellants upon the records of the probate court unimpeached for several years, and has never yet been attacked as fraudulent or false, although the ward is of full age. When sued upon it, the appellants even then fail and refuse to charge that it is false or fraudulent, relying alone upon a technical want of

notice and the statute of limitations. In such a case, it is submitted that the settlement is conclusive between the parties interested.

III. The statute of limitations does not apply. So long as the relation of guardian and ward existed between the parties, the very duties to be performed by the guardian prohibit him from such a plea, and *a fortiori* his ward. (Keeton's Heirs v. Keeton's Adm'r, 20 Mo. 539.)

EWING, Judge, delivered the opinion of the court.

This was an action by the executor of the last will of Galloway, who was guardian of the defendant, Mary Woods, formerly Dale, to recover a sum of money alleged to be due upon a settlement by the testator, Galloway, as guardian of said Mary. The answer denied the indebtedness, avers that there was no final settlement of the guardianship and no settlement of which any notice was given, and sets up the statute of limitations. On the trial the plaintiff read in evidence, against defendant's objections, a transcript of a settlement in the probate court. This purports to be the first and second annual settlements of the guardian. The guardian was appointed in April, 1851, and the settlements referred to were made in June, 1852 and 1853, respectively. On the last settlement, there appears a balance of $113.87 in favor of the guardian.

We can not see how this action can be maintained, whether the settlement be viewed as a final settlement or not. It is the duty of the guardian to file an inventory of the estate and effects of the ward, and to make annual settlements of his accounts with the probate court. The court, in ordering the education of minors, is to be governed by their means and the appropriations for this purpose are to be regulated accordingly out of the personal estate, if sufficient; if not, then by a sale of real estate, if any. When there is no estate sufficient for their maintenance and education, they are liable to be bound as apprentices. The general duty therefore

of the guardian is to account for the administration of the funds, &c., that come into his hands; and this being done, he is entitled to his discharge. The disbursements made by the guardian out of the estate are to be ascertained by the court, and if, in rendering his account of receipts and payments, a balance should appear in his favor, by reason of moneys which he may have voluntarily expended, exceeding in amount the ward's estate, such a settlement can not have the effect of a judgment against the ward, nor would it be, we apprehend, any evidence of indebtedness for the purposes of an action like this. If, prior to the expenditures, the court had been asked for appropriations for the ward's education (for which it appears a considerable proportion of the expenditures were made), such appropriation could not properly have exceeded the means or property in the hands of the guardian, nor could the court with more propriety, afterwards, give judgment in his favor for such excess or balance, and against the ward. These settlements are made while the ward is a minor, and all notice, even of a final settlement, is now dispensed with. (Acts, 1856–7, p. 68.) The guardian is to account with the court; he can not cite the ward to a settlement, and the court is to protect the rights of the ward in requiring a proper administration of the funds, &c.; the rights of the guardian, whatever they may be, for moneys expended for the use of the ward, are to be enforced in another proceeding.

By the act creating the probate court, and other statutes governing it in the settlement of guardian's accounts, much of the jurisdiction, formerly vested in chancery over persons and estates of minors, is conferred on that court; but we are not aware of any statutory provision which would authorize it in the settlement of the accounts of a guardian to render a judgment or decree whereby the ward would become personally liable to the guardian, or that would give such effect to a settlement, showing a balance against the ward. There may be a moral obligation on the part of the ward to reimburse the expenditures made for his benefit, but without an

express promise to pay, it is not seen how it could be enforced in a personal suit. (Duval v. Chandron, 10 Ala. 393 ; Richard's case, 6 Serg. & R. 465.)

Judgment reversed and the cause remanded ; Judge Napton concurring. Judge Scott absent.