(January 15, 1902.)

## MAHONEY v. ELLIOTT.

·[67 Pac. 317.]

APPEAL—PLACE OF HEARING.—The place of hearing an appeal to the
supreme court from a judgment in a proceeding to remove a
county officer is determined by the act of February 2, 1899 (Sess.
Laws 1899, p. 6).

(Syllabus by the court.)

MOTION to place cause on calendar.

Alfred A. Fraser, for Appellant, files no brief on motion
to place on calendar.

W. W. Woods, W. B. Heyburn, C. W. Beale and Walter A.
Jones, for Respondents, did not appear.

Per CURIAM.—The appellant filed a complaint in the dis-
trict court of the first judicial district, in and for Shoshone
county, seeking to remove John M. Elliott, Moses S. Sim-
mons, and Israel B. Cowen, the respondents, from the offices
of county commissioners of said county. The respondents
interposed a demurrer to the complaint, which was sustained,
and the cause was by a judgment in the district court dismissed.
From the judgment of dismissal, the appellant has appealed.

The appellant moves that the cause be put upon the calen-
dar and heard at the present January term at Boise City. The
appellant argues that this is a special proceeding, and that
the statute regulating the place of hearing appeals to this court
has no application to this appeal. Section 3 of the statute is
as follows: "Unless by agreement of parties causes in which
writs of error or appeals are taken to the supreme court of
the state of Idaho from the counties of Kootenai, Shoshone,
Latah, Nez Perces and Idaho or counties hereafter created
therefrom, shall be heard at Lewiston; and causes in which
writs of error or appeals are taken to said supreme court, from
the counties of Ada, Boise, Owyhee, Elmore, Cassia, Logan,
Alturas, Oneida, Bear Lake, Bingham, Lemhi, Washington,

Custer and Canyon or counties hereafter created therefrom, shall be heard at Boise City; provided, that in criminal cases, writs of error, *habeas corpus, certiorari* and appeals, may on motion of defendant be heard before the supreme court either at the city of Lewiston or at Boise City." (Act Feb. 2, 1899, Sess. Laws 1899, p. 6.) Under our view of the statute, the respondents are entitled to a hearing of this appeal at the Lewiston term; and, inasmuch as that term will meet within ninety days from now, no hardship results from the refusal of this court to hear the appeal at this term. The term "cause," as used in the statute, is sufficiently broad to include, and does include, special proceedings. We do not think this a matter of discretion in this court, as argued by counsel for appellant. The constitution provides for terms of the court at Lewiston, in the northern part of the state, and for terms at Boise City. The constitution does not designate the particular causes to be heard at Lewiston. The legislature, in the statute quoted *supra,* have properly, and without interfering with the juris-·diction of this court, provided that appeals from the five northern counties should be heard at Lewiston, and from the remaining fifteen counties at Boise City. This cause does not come within the provision contained in the statute quoted—a. provision that was made by the legislature in order to expedite the hearing of appeals in criminal cases when the defendant might desire a speedier hearing than he would otherwise obtain.

For these reasons the motion is denied.