## MILCAH TILGHMAN et al. vs. KATHERINE W. FRANCE et al.

*Executor Not Entitled to Counsel Fees For Defending a Caveat Filed Before Probate of Will.*

The probate of a will involves a judicial determination that the instrument offered is the last will of the alleged testator. Code, Art. 93, sec. 230, gives to the Orphans' Courts jurisdiction to take probate of wills and grant letters testamentary. Sec. 265 provides that during a recess of the Orphans' Court, the Register of Wills may take the probate of wills and grant letters testamentary. At a time when the Orphans' Court of B. County was not in session and when the Register of Wills was absent, a writing purporting to be the last will of a decedent was presented to the Deputy Register of Wills who took the affidavits of the subscribing witnesses and filed the paper. Before the passage of any order of the Orphans' Court or of the Register admitting the will to probate or

granting letters testamentary, a caveat to the will was filed and issues sent to a Court of law for trial. *Held*, that the will had not been admitted to probate before the caveat and that consequently the person named therein as executor, who was also the residuary legatee, is not entitled to be paid out of the estate the counsel fees of attorneys employed by him to defend the will, and an order of the Orphans' Court directing the payment of such fees is erroneous.

Appeal from the Orphans' Court of Baltimore County.

The cause was argued before McSherry, C. J., Fowler, Briscoe, Boyd, Pearce and Schmucker, JJ.

*D. G. McIntosh* and *Thos. H. Robinson* (with whom were *S. A. Wiliams* and *W. H. Adkins* on the brief), for the appellant.

*Frank I. Duncan* and *J. J. Archer* (with whom was *J. Fred. C. Talbott* on the brief), for the appellee.

McSherry, C. J., delivered the opinion of the Court.

On the 15th of May, 1902, a writing purporting to be the last will of Elizabeth G. Williams was filed with the Register of Wills of Baltimore County and on the same day, the Orphan's Court not being in session, and the Register of Wills being absent, the Deputy Register of Wills took the affidavit of the subscribing witnesses and filed the paper. On the 19th of May, a caveat against the will was interposed and issues were prayed to be sent to a Court of law for trial. Subsequently issues were framed and transmitted to the Circuit Court for Baltimore County whence they were removed later on to the Circuit Court for Harford County for trial. By the provisions of the paper writing purporting to be the will of Elizabeth G. Williams, Catherine W. France was made the residuary legatee and devisee of the entire estate of the testatrix with the exception of two legacies each of $100. Upon the trial of the issues a verdict was rendered by the jury to the effect that the testatrix was not of a sound and disposing mind, memory and understanding, capable to execute a valid deed or contract, at the time she executed the paper.

This verdict was returned on the 24th of December, 1903. On the 15th of May, 1903, Catherine W. France, who, besides being residuary legatee and devisee, was also the executrix named in the will, filed a petition in the Orphans' Court of Baltimore County reciting the pendency of the caveat proceedings, and asking the Court to pass an order authorizing her to employ counsel to defend the will, and upon that petition, which was entirely an *ex parte* application, the Orphan's Court of Baltimore County on the 8th of April following, did pass an order authorizing her to employ counsel to defend the will. On the 20th of January, 1904, or nearly a month after the rendition of the verdict setting the paper aside, the residuary legatee and devisee, Catharine France, filed another petition in the Orphans' Court of Baltimore County, wherein the previous proceedings had in the cause were recited, and wherein it was alleged that the will had been regularly admitted to probate by the Orphan's Court of Baltimore County and that in pursuance of the order previously passed on the 8th of April, she had employed counsel, who had defended the will, and she asked that the counsel thus employed by her be allowed a fee out of the estate and that the administrators *pendente lite*, who had been appointed when the caveat was interposed, might be directed to pay that fee to the counsel so retained by her. On the same day, namely, January 20th, 1904, an order was passed allowing the counsel, so employed, the sum of $1,200, and ordering the administrators *pendente lite*, to pay that sum. This application and the order passed thereon were both *ex parte* and without notice to the persons, who upon the will being vacated and set aside were entitled to the estate. When the appellants in this case, who are next of kin of the testatrix, discovered that the order last above-mentioned had been passed, they filed in the Orphans' Court on the 14th of July, a petition asking that the order of the 20th of January, 1904, allowing a counsel fee of $1,200 be rescinded and annulled, and they based their application upon the ground that the Orphan's Court was without jurisdiction to allow counsel fees to the attorney employed by Catharine

France to sustain the alleged will, because the alleged will had never been admitted to probate by the Orphans' Court or by any other Court having authority to do so. It was further charged that Catharine France never had had any letters testamentary committed to her and that she had never qualified as executrix, because the will had never been admitted to probate. And it was further insisted that whatever costs she incurred in defending the will, she is liable for individually and cannot impose them upon the estate. To this petition an answer was filed and proof was taken and the Orphan's Court of Baltimore County by its order dated on the 20th of July, 1904, dismissed the petition of the appellants and re-affirmed the order passed January 20th, 1904, allowing the $1,200 counsel fee. From that order the pending appeal has been taken.

It is undoubtedly the duty of an executor, after the probate of a will, to defend it when assailed, and he will be allowed reasonable counsel fees to compensate the attorneys whom he may employ for that purpose. All the authorities hold this to be the law in Maryland. If, therefore, the will had been probated before the caveat was filed the Orphans' Court of Baltimore County would have been entirely right in passing an order authorizing the executor to pay the counsel employed to defend the will. The precise question in the case then is, whether the will was admitted to probate before the caveat was filed. About this we entertain no doubt. Now, what is meant by the probate of a will? In vol. 23 *Am. & Eng. Ency. of Law*, 2 ed., p. 111, it is said, "The probate of a will is the proof before the proper Court or officer that the instrument offered to be proved or recorded is the last will and testament of the deceased person whose testamentary act it is alleged to be. This includes not only the evidence, jurisdictional and otherwise, presented to the Court, but also the judicial determination by the Court on that evidence that the instrument is what it purports to be." And on page 132 of the same volume, it is said, "The admission of a will to probate in a case where the Court has jurisdiction is a sentence

or decree of a judicial officer, and therefore, like any other judgment of a Court of competent jurisdiction, it cannot be collaterally impeached for any error or irregularity, but is conclusive until reversed or set aside according to law.   This is the rule when a probate is in common form as well as when it is in solemn form. "   By sec. 230, Art. 93 of the Code, the Orphans' Courts of this State are given jurisdiction to take the probate of wills and to grant letters testamentary.   By sec. 265 of the same Article it is declared that during the recess of the Orphans' Court the Register of Wills may take the probate of wills and grant letters testamentary, and secs. 323 and 327 contain similar provisions.

Confessedly the Orphans' Court of Baltimore County was not in session when the alleged will was presented on the 15th of May, 1902.   There is no pretense therefore that the Orphans' Court admitted the will to probate.   The Register of Wills was also absent on that occasion.   The Deputy Register of Wills, as has already been stated, took the affidavit of the subscribing witnesses, but did no more.   It is now insisted that this act of his constituted a probate of the will. Obviously, this is erroneous.   As the probate does not consist in the mere swearing of the witnesses and as the deputy did nothing more than swear the witnesses, his swearing of the witnesses can in no sense be said to be an admission of the will to probate.   There must be some affirmative order or act by some constituted authority in addition to the mere swearing of the witnesses to constitute a probate of the will.   In the absence of a formal order by the Orphans' Court or by the Register of Wills under the provisions of the Code, if subsequent acts are done which could only be legally done in the event of a probate having been had, then, perhaps it may be assumed, and certainly in collateral proceedings would be presumed, that an order in due form admitting the will to probate had been passed.   For instance, if letters testamentary are granted by an order of the Orphans' Court after the attesting witnesses have been examined and nothing further appears, it will be presumed that an order admitting the will to pro-

bate had been passed, because, unless the will had been admitted to probate, the Orphans' Court would have been without jurisdiction to grant the letters testamentary. In the case at bar, confessedly, no order of the Orphans' Court or of the Register of Wills adjudging the paper writing to be the last will and testament of the testatrix was ever signed, and no letters testamentary were ever granted to any one. After the subscribing witnesses' affidavits had been taken, the caveat was interposed and then the issues were framed and the issues were tried.

It would serve no useful purpose to go through the numerous cases cited upon either brief filed in this cause, because whatever may be the principles underlying the decisions announced therein, they have no application to the state of facts which this record presents.

Entertaining the view that we have expressed, that the will never had been probated, it of course, follows that the residuary legatee, who is also named as executrix, and who was made defendant in the caveat proceedings, was not defending the will in her capacity as executrix. As no letters testamentary had ever been issued to her, and she did not defend the will in her capacity as executrix, she has no claim to be reimbursed out of the estate for the fee she may have contracted to pay to the counsel whom she employed to resist the assault upon the will. This being so, the Orphans' Court was in error in passing the order allowing the counsel fee of $1,200, and it was equally in error in refusing to rescind that order. As a result, it follows, that the order appealed from must be reversed and the fee which was directed to be paid out of the assets of the decedent must be disallowed as a claim against the estate.

> *Order reversed with costs above and below and cause remanded.*

(Decided November 16th, 1904.)