AMELIA K. KOENIG ET AL. vs. EDWARD L. WARD ET AL.

*Counsel Fees—Caveat to Will Before Probate—Appeal.*

Before a will was admitted to probate, a caveat thereto was filed by an heir at law of the testator, to whom nothing was given by the will, and on trial of the issues, the will was set aside. The object of the caveat proceedings was not to recover or protect the estate, but to determine whether it should pass to the beneficiaries under the will or to the heirs at law of the decedent *ab intestato. Held,* that under these circumstances, the Orphans' Court has no jurisdiction to allow counsel fees out of the estate to the party who filed the caveat.

When the record of an appeal from the Orphans' Court was not transmitted to this Court within thirty days, as prescribed by statute, the appeal will not be dismissed when it is shown by the affidavit of the Register of Wills that the delay in the transmission of the record was owing to his fault and not that of the appellant.

*Decided December 21st, 1906.*

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before McSHERRY, C. J., BOYD, PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*John G. Rogers,* for the appellants.

*Edgar Allan Poe* (with whom was *John Prentiss Poe* on the brief), for the appellees.

SCHMUCKER, J., delivered the opinion of the Court.

The appellants are the widow and five of the children of the late Frederick W. Koenig and the appellees are the administrators of his personal estate. The appeal is from an order of the Orphans' Court of Baltimore County overruling the appellants' exceptions to an administration account filed by the appellees and finally ratifying the account. The matter excepted to was the allowance, out of the estate, of counsel fees to the appellees for services rendered by them as attorneys for Elizabeth Becker, a daughter of Frederick W. Koenig, in prosecuting a caveat filed by her to an alleged last will of her father which had not been admitted to probate.

The caveat was successful and the alleged will was judicially delared not to be the will of Koenig and his estate consisting of real and personal property was distributed among his heirs at law and distributees. Under the alleged will Elizabeth Becker and Mrs. McDevitt, her sister, were given no part of the father's estate so that the success of the caveat enured especially to their benefit and operated to the prejudice of the appellants in so far as the estate given to them under the alleged will was diminished by the shares passing to Mrs. Becker and Mrs. McDevitt under the intestacy.

The appellees seek to support the action of the Orphans' Court in allowing the counsel fees in question because the litigation for which they were paid proved beneficial to the estate, and contend that its allowance was within the jurisdiction conferred upon the Orphans' Court over the estates of intestates by Art. 93, sec. 234 of Code of 1904. They cite no cases on their brief, but in the argument they relied upon *ex parte Young*, 9 Gill, 285.

This Court has had frequent occasion to consider and pass upon the allowance by Orphans' Courts of counsel fees out of the estate of deceased persons for legal services rendered in prosecuting or defending proceedings under caveats to wills.

It has uniformly held in such cases that, where a caveat is filed after a will has been admitted to probate and letters testamentary granted, the executor is entitled to counsel fees out of the estate because it is his duty under such circumstances to defend the will.    But where a caveat is filed before the will has been admitted to probate, and the services of counsel are rendered to the parties interested as heirs, distributees or devisees, the Orphans' Court has no jurisdiction to allow compensation for such services out of the estate.    *Townsend* v. *Brooke*, 9 Gill, 90; *Gorton* v. *Perkins*, 63 Md. 592; *Dalrymple* v. *Gamble*, 68 Md. 163; *Miller* v. *Gehr*, 91 Md. 714; *Tilghman* v. *France*, 99 Md. 613.

In *ex parte Young*, 8 Gill, 284, relied on by the appellees, counsel fees were allowed out of the estate to an administrator when his right to a controverted administration was successfully established.    The allowance was there made to the administrator by way of analogy to the practice of allowing an executor the counsel fees expended in the successful defense of a will, but in *Dalrymple* v. *Gamble, supra,* Young's case was distinguished from cases like the one now before us in which a particular distributee in his or her own interest assails the validity of an alleged will.    In the present case the appellants who are entitled to by far the larger part of the estate were not benefited but were injured by the result of the caveat and there is no reason why they should be required to pay the costs incurred in its prosecution.

Nor can it be successfully contended that the services of the appellees were beneficial to the estate which was neither augmented nor enlarged in any manner by the result of the proceedings under the caveat.    The purpose and operation of the caveat were not to recover the estate, or to protect it from spoliation, but to determine who should get it, and in what proportions.    The practical question litigated and settled under the caveat was one of distributive right, *i. e.* whether the estate should be divided between the beneficiaries under the will or the heirs at law and distributees of the decedent. It was not an issue between the estate and third parties but one

*inter partes* those claiming to be interested in its distribution. Under these circumstances the Orphans' Court had no authority to allow the counsel fees to be paid out of the estate.

We will reverse the order of the Orphans' Court overruling the exceptions and ratifying the administration account and remand the case for its re-statement by the administrators in accordance with the views expressed in this opinion.

A motion was made by the appellee before us to dismiss the appeal because the record was not transmitted to this Court within the thirty days provided by law after the appeal was taken. This motion must be overruled, as before the hearing of the appeal the appellant filed with the clerk an affidavit by the deputy Register of Wills of Baltimore County that the delay in the transmission of the record was the fault and omission of the Register of Wills owing to unavoidable causes occurring in his office and was in no sense caused by or attributable to the laches of the appellant or his attorney.

> *Order appealed from reversed with costs and the administration account ratified by that order set aside and the appellees directed to restate the account in conformity with the views expressed in this opinion.*