(June 30, 1920.)

SAMUEL TALBOT, Respondent, v. W. E. COLLINS, LIZZIE S. COLLINS, His Wife, C. E. CROWLEY, A. S. DICKINSON, LULA K. LINDSAY, and CITY OF IDAHO FALLS, Respondents, and WILLIAM LINDSAY and LINDSAY & COMPANY, a Corporation, Appellants.

[191 Pac. 354.]

APPEAL AND ERROR—PLACE OF HEARING APPEAL—RECORD ON APPEAL
    —GUARDIAN AND WARD—ACTION AGAINST FORMER WARD ON
    CLAIMS ALLOWED DURING GUARDIANSHIP—ACTION BY GUARDIAN
    AGAINST FORMER WARD.

    1. Under the constitution of this state, the legislature may not
    prescribe the time or place of hearing and determining any cause
    pending on appeal in the supreme court.

    2. On appeal from an order of the court granting or denying
    a contested motion, the action of the court cannot be reviewed un-

less the record contains a certificate identifying the papers presented to and used in the consideration of the motion.

3. The question as to whether a cross-complaint states a cause of action so as to invest the trial court with jurisdiction to consider the matters therein set forth is fundamental and presents itself on appeal from a judgment.

4. A personal action cannot be maintained to recover for services rendered to or money advanced for the benefit of an incompetent ward under guardianship, against the ward after he has been restored to competency.

5. The procedure in a probate court with relation to the estate of an incompetent person is in the nature of a proceeding *in rem.*

6. A decree of a probate court made on the settlement of the final account of a guardian, adjudging that a certain sum is due the guardian from the ward, cannot be made the basis of a personal action against his former ward after he has been restored to competency. Such sum must be recovered, if at all, out of his former ward's estate.

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County. Hon. James G. Gwinn, Judge.

Action for foreclosure of mortgages, in which judgment was rendered in favor of certain cross-complainants. *Modified.*

Peterson and Coffin, for Appellants.

"The prevailing doctrine is that a guardian has no power to make a contract binding upon the ward or upon his estate, however proper and beneficial the contract may be; but that contracts made by him impose a personal liability upon himself, and his protection from loss lies in his right to charge the expenditures to the ward's estate in his account." (15 Am. & Eng. Ency. of Law, 70; *Hunt v. Maldonado,* 89 Cal. 636, 27 Pac. 56; *Fish v. McCarthy,* 96 Cal. 484, 31 Am. St. 237, 31 Pac. 529; 21 Cyc. 115; *Morse v. Hinckley,* 124 Cal. 154, 56 Pac. 896; *Wright v. Byrne,* 129 Cal. 614, 62 Pac. 176.)

W. A. Beakley, for Respondent.

Under sec. 6451, C. S., and the case of *Mahoney v. Elliott,* 8 Ida. 190, 67 Pac. 317, the supreme court has not the authority nor discretion to change the place of trial, unless by agreement of counsel.

"On exceptions by a ward to the final report of his guardian, the court had authority to indemnify the guardian for expenses of accounting, and for reasonable expenses, including counsel fees." (*Nagle v. Robins,* 9 Wyo. 211, 62 Pac. 154, 796.)

In this case the amounts were incurred and allowed by the probate court, and when they are allowed against the estate, they thereby become a lien, and if payment is not made, as in this case, then suit may be brought to enforce the payment. (15 Am. & Eng. Ency. of Law, 70.)

The claims were allowed against the estate and suit brought on the judgment or allowed claims, and this is in the nature of a claim that has been allowed from the ward's estate as permitted in *Hunt v. Maldonado,* 89 Cal. 636, 27 Pac. 56.

RICE, J.—Upon application of appellants, and on good cause shown, it was ordered that this cause be transferred from the Pocatello to the Boise calendar for immediate hearing. The respondents objected to the jurisdiction of the court to hear this cause at Boise without consent of all parties to the action, and moved that it be retransferred to the Pocatello calendar.

The constitutional and statutory provisions bearing upon this question are the following:

"The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted." (Const., art. 2, sec. 1.)

"At least four terms of the supreme court shall be held annually; two terms at the seat of the state government, and

two terms at the city of Lewiston, in Nez Perce county. In case of epidemic, pestilence, or destruction of courthouses, the justices may hold the terms of the supreme court provided by this section at other convenient places, to be fixed by a majority of said justices. After six years the legislature may alter the provisions of this section." (Art. 5, sec. 8.)

"The supreme court shall have jurisdiction to review, upon appeal, any decision of the district courts, or the judges thereof. The supreme court shall also have original jurisdiction to issue writs of *mandamus, certiorari,* prohibition, and *habeas corpus,* and all writs necessary or proper to the complete exercise of its appellate jurisdiction." (Const., art. 5, sec. 9.)

"The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a co-ordinate department of the government; but the legislature shall provide a proper system of appeals and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the supreme court, so far as the same may be done without conflict with this constitution." (Const., art. 5, sec. 13.)

"The supreme court or any two justices thereof may by order fix the times and terms of the supreme court, which shall not be changed oftener than once in each year, except as herein provided. At least five terms shall be held annually; two terms at the seat of the state government, one term at Lewiston in Nez Perce county, one term at Coeur d'Alene in Kootenai county, and one term at Pocatello in Bannock county." (C. S., sec. 6449.)

"Unless by agreement of parties, causes in which writs or appeals are taken to the supreme court: . . . . .

"(3) From the counties of . . . . Bingham, Bonneville . . . . shall be heard at Pocatello." (C. S., sec. 6451.)

Rule 36 of the rules of this court provides that causes arising in the territory comprising the counties of Bingham, Bonneville and certain other counties of the state shall be

heard either at Boise or Pocatello, as the parties may agree or the court may order.

It is apparent that Rule 36 cannot be reconciled with the provisions of C. S., section 6451, above quoted.

In the case of *Mahoney v. Elliott*, 8 Ida. 190, 67 Pac. 317, it was held that the place of hearing an appeal from an action or special proceeding is determined by the statute, and that there is no discretion with the court to require a hearing on the application of one of the parties alone at a place other than that designated by the statute.

By providing that the legislature may regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all courts below the supreme court, power to regulate the methods of proceeding in the supreme court is denied the legislature.

The place where and the time when the supreme court shall hear arguments upon an appeal is purely a matter of procedure. After the supreme court has acquired jurisdiction of a cause on appeal, and after the record upon which the appeal is to be heard has been filed, the court has exclusive control of the case. Any other body or department of government cannot prescribe where and when the court shall proceed in the exercise of its jurisdiction without regulating the methods of proceeding in the supreme court.

It will be observed that art. 5, sec. 8, of the constitution provides only for the terms of the supreme court, and where they shall be held. It makes no provision as to the causes which shall be considered at the various terms, nor does it intimate that the jurisdiction of the court does not continually extend throughout the entire state. It provides that after six years the legislature may alter the provisions of that section, which has been done in C. S., sec. 6451, above referred to, but the legislature has attempted to go further and limit the place at which a cause may be heard, except upon agreement of the parties. We are satisfied the legislature has no power to create such a limitation.

The case of *Mahoney v. Elliott, supra,* is overruled.

This is an action for the foreclosure of certain mortgages upon real estate. Respondents W. E. Collins, Lizzie S. Collins, Crowley, Dickinson and others, were made parties defendant. The complaint alleges that the respondents named above claim an interest in or lien on the property described in the mortgages. Respondents above named answered and filed cross-complaints. Judgment was entered foreclosing the mortgages and directing a sale of the property to pay the mortgage debts, and also giving a personal judgment for certain sums of money to respondents W. E. Collins, Lizzie S. Collins, Crowley and Dickinson.

The appeal is from that portion of the judgment in favor of the respondents and cross-complainants above named.

The respondent Crowley in his cross-complaint sets up two causes of action. In the first it is shown that on June 3, 1918, appellant Lindsay was duly adjudged an incompetent, and a guardian of his person and estate was appointed; that the cross-complainant, in proceedings leading up to the decree declaring Lindsay an incompetent, acted as attorney and counselor for Lula K. Lindsay, wife of the incompetent, and her guardian *ad litem,* and assisted in said proceedings, and that the court, in the rendition of the decree, ordered that the cross-complainant be paid a reasonable fee for his services; that thereafter the cross-complainant presented his duly verified claim for the services so rendered for the sum of $794.20, and that the claim was duly allowed by the guardian and by the probate court which had jurisdiction of the matter; that appellant Lindsay was restored to competency by order of the probate court on or about June 1, 1919.

In his second cause of action respondent Crowley alleges that prior to the adjudication of incompetency of appellant Lindsay, there was due him the sum of $210.24 for services rendered and money advanced by the cross-complainant; that claim for this sum was presented to the guardian and allowed by the guardian and the probate court.

The cause of action alleged in the cross-complaint of respondent Dickinson is similar in all respects, except as to

amount, to that found in respondent Crowley's first cause of action.

In the cross-complaint of W. E. Collins and Lizzie S. Collins, husband and wife, it is alleged that appellant Lindsay became indebted to Lizzie S. Collins in the sum of $3,023.31, for certain assigned claims of expert alienists who were employed to testify in resisting the application of the appellant to be declared competent; also assigned claims for attorneys' fees paid both in the proceeding to have Lindsay declared an incompetent and in the later proceeding in which he was declared to be competent; for money advanced for the use and benefit of Lula K. Lindsay, wife of appellant Lindsay, and for other expenses connected with the estate of the incompetent. W. E. Collins alleged that he was guardian of appellant William Lindsay while he was incompetent, and that upon the settlement of his final account as guardian, the probate court ascertained and decreed that there was due him from said appellant the sum of $4,880.47.

Appellants filed demurrers to the several cross-complaints above mentioned, which were overruled by the trial court and ten days allowed in which to answer. Appellants failed to file their answers within the time allowed by the court, and defaults for failure to answer were entered. Appellants afterwards, and within the statutory time, moved the district court to set aside their several defaults. The motions were denied. They have appealed from the orders of the trial court denying the motions.

The record on appeal contains no certificate identifying the papers presented to and used by the trial judge in considering these motions, and therefore this court cannot review the action of the trial court in this respect. (*Dudacek v. Vaught*, 28 Ida. 442, 154 Pac. 995; *Biwer v. Van Dorn*, 32 Ida. 213, 179 Pac. 953.)

The record shows that the demurrers to the various cross-complaints, above mentioned, were overruled by consent of the parties. Nevertheless, the question as to whether the cross-complaints state causes of action so as to invest the trial court with jurisdiction of the matters set forth therein

is fundamental and presents itself. (*Western Loan & Bldg. Co. v. Gem State Lumb. Co.*, 32 Ida. 497, 185 Pac. 554; *Newport Water Co. v. Kellogg*, 31 Ida. 574, 174 Pac. 602.) The cross-complaints of Dickinson and Lizzie S. Collins, and the first cause of action in the cross-complaint of Crowley, all attempt to set forth causes of action against appellant Lindsay as basis for a personal judgment for services rendered and moneys advanced for the benefit of the incompetent whose estate was under guardianship at the time, and for attorney fees for services rendered in the proceeding to have him declared incompetent, and afterwards restored to competency.

In no event can a personal action be maintained to recover for services rendered to or money advanced for the benefit of an incompetent ward while under guardianship. No one could render himself personally liable for such claims but the guardian himself. He may be reimbursed from the estate of the ward in the settlement of his accounts, if the court is legally satisfied that the items were necessary or properly expended by him for the benefit of the ward's estate, or for his maintenance, support or education. An incompetent person under guardianship cannot create a personal liability, either directly or through an agent. A guardian is not the agent of his incompetent ward. Neither is one who employs an attorney to appear in a proceeding to have a person adjudged incompetent, or restored to competency, such agent. (*Morse v. Hinckley*, 124 Cal. 154, 56 Pac. 896; *Fish v. McCarthy*, 96 Cal. 484, 31 Am. St. 237, 31 Pac. 529; *Andrus v. Blazzard*, 23 Utah, 233, 63 Pac. 888, 54 L. R. A. 354; *Harter v. Miller*, 67 Kan. 468, 73 Pac. 74; *Garver v. Thoman*, 15 Ariz. 38, 135 Pac. 724.)

The second cause of action alleged in the cross-complaint of respondent Crowley states facts which could support a judgment. Although it is alleged that the claim was presented to the guardian and allowed by him and by the court, it is also alleged that it has not been paid. While it was irregular to prosecute to judgment such an action

under a cross-complaint in a foreclosure action, since it was no lien upon the property described in the mortgages, yet the district court had jurisdiction to entertain the action and its judgment thereon will not be disturbed.

Respondent W. E. Collins based his claim upon the judgment and decree of the probate court in settlement of his final account as guardian, whereby it was found that the sum claimed was due him. Such a decree cannot be made the basis of a personal action against a former ward after he has been restored to his competency. The whole procedure in a probate court with relation to the estate of an incompetent is in the nature of a proceeding *in rem;* the *res* being the estate of the incompetent. Its action, so far as the estate of the ward is concerned, relates exclusively thereto.

In the case of *In re Kincaid's Estate,* 120 Cal. 203, 52 Pac. 492, it is said:

"When the guardian assumed his office, he contracted not only to manage the estate according to law and for the best interest of the ward, but also that at the termination of his trust he would account for the property, estate, and moneys of the ward in his hands, and would pay over and deliver such as remained to the person entitled thereto. This is the account which the probate court has jurisdiction to determine. No jurisdiction is given to ascertain a balance against a former ward, except as that will tend to show what the guardian must pay or deliver to his former ward."

In the same case it is said:

"As the accounting is in the nature of a proceeding *in rem,* a finding that the former ward was indebted to the former guardian would have no force or effect in an independent proceeding. It could affect the estate only, and would not even be evidence to charge the former ward in another proceeding."

Whatever balance may have been found due to the guardian on the final accounting can only be recovered by the guardian, if at all, out of his former ward's estate. To permit an independent personal judgment therefor in an-

other action would amount to creating a liability against an incompetent person indirectly, which would not be permitted directly, and would subject the future estate which the former ward might accumulate to the burden of an indebtedness which he had no power to incur. (See *In re Kincaid's Estate, supra; In re Clanton's Estate and Guardianship,* 171 Cal. 381, 153 Pac. 459; *In re Boyes' Estate,* 151 Cal. 143, 90 Pac. 454; *Wyatt v. Woods,* 31 Mo. 351; *Frost v. Winston,* 32 Mo. 489.)

No added force is given to the various claims of cross-complainants by reason of the orders of the probate court allowing them. Assuming that these orders were in the nature of judgments, yet they are solely against the ward's estate.

That portion of the decree in which judgment is awarded in favor of cross-complainants W. E. Collins, Lizzie S. Collins and A. S. Dickinson is reversed. The portion thereof in which judgment is awarded in favor of cross-complainant C. E. Crowley will be modified by reducing the same to the sum of $210.24, plus interest at 7% per annum from Dec. 28, 1918. Costs awarded to appellants as against respondents W. E. Collins, C. E. Crowley and A. S. Dickinson.

Morgan, C. J., and Budge, J., concur.