### FIXING THE DATE FOR TRIAL IS A JUDICIAL FUNCTION.

Court of Common Pleas for Wyandot County.

GEORGE WAGNER v. STATE OF OHIO. *

Decided, March 8, 1922.

*Constitutional Law—Provision of the Enforcement of Prohibition Statute—Limiting Time for Hearing Cases on Review Held Invalid.*

1. A case being in a court, the fixing of the time when the court will hear the case is a judicial function. The Legislature cannot by law fix the time within which a case shall be heard by the courts.

2. That clause of Section 6212-20 of the General Code of Ohio, which provides "and the case shall be heard by such reviewing court within not more than thirty court days after filing such petition in error", is unconstitutional and void, being an attempt by the Legislature to encroach upon the rights of the judicial department, in violation of Art. II Sec. 32, and of Art. IV Sec. 1 of the Constitution of the State of Ohio.

*Carter & Carter* and *Franklin J. Stalter,* for plaintiff in error.

*A. K. Hall,* prosecuting attorney, and *J. A. White,* for defendant in error.

NEWCOMER, J.

George Wagner was tried in a mayor's court and found guilty of violating Section 6212-15 of the General Code of Ohio relating to the unlawful manufacture and sale of intoxicating liquor. A motion for leave to file a petition in error in this court was presented, and allowed on January 23, 1922. This case came on for hearing on March 8, 1922. The defendant in error on March 8 filed a motion asking the court to dismiss this proceeding in error for the reason that more than thirty court days have elapsed since the filing of the petition in error and that the case was not heard by this court within not more than thirty court days after the filing of the petition in error as provided in Section

*Affirmed by the Supreme Court in the case of *Schario* v. *State,* July, 1922.

6212-20 of the General Code of Ohio, and that by reason thereof the court lost jurisdiction of this case.

Section 6212-20 of the General Code of Ohio provides in part as follows:

"Such petition in error must be filed within thirty days after judgment complained of, and the case shall be heard by such reviewing court within not more than thirty court days after filing such petition in error."

The defendant in error contends that this court does not have jurisdiction to proceed further in the case for the reason that it was not heard in this court "within not more than thirty court days after filing such petition in error"; that is, that this clause of the statute specifically takes away jurisdiction to hear the case if the case is not heard within thirty court days.

This is a proceeding in error and is governed by statute; that is, a reviewing court does not have any jurisdiction to revew this case unless the jurisdiction is granted by a legislative act. In this case the steps to give this court jurisdiction were taken, the motion for leave to file the petition in error was filed, and the court ordered that the petition in error be filed. By this order of the court this case is in this court for judicial determination.

This raises the question as to whether or not the Legislature can control the judicial discretion or judicial act of the court, in a case that is properly before the court. Article II, Section 32, of the Constitution of the State of Ohio provides: "The General Assembly shall grant no divorce, nor exercise any judicial power not herein expressly conferred."

Article IV, Section 1, of the Constitution of Ohio provides:

"The judicial power of the state is vested in a supreme court, courts of appeals, courts of common pleas, courts of probate, and such other courts inferior to the courts of appeals, as may from time to time be established by law."

In the case of *Zanesville v. Telegraph & Telephone Co.*, 64 O. S., 67, the first paragraph of the syllabus is as follows:

"The distribution of the powers of the state, by the Constitu-

tion, to the legislative, executive, and judicial departments, oper·
ates, by implication, as an inhibition against the imposition
upon either of those powers which distinctly belong to one of
the other departments.''

Where the law confers a right and authorizes an application to
a court of justice to adjudicate the right, the proceedings in
court are an exercise of the judicial power. *Zanesville* v. *Tele-*
*graph & Telephone Co.*, 64 O. S., 67; *Thompson* v. *Redington*, 92
O. S., 101. The sessions or sittings of a court during the term
are within the control of the court. 15 *Corpus Juris*, 894, and
cases cited. The duty of directing the work of the court is on
the presiding judge. *Jones* v. *McClaughry*, 169 Ia., 281, 151
N. W., 210. Delay caused by the court or by some official of
the court does not deprive the court of jurisdiction. *Cummings*
v. *Hugh*, 2 Vt., 578; *Mutual Life Ins. Co.* v. *Phinney*, 178 U. S.,
327; *Stamp* v. *Hardigree*, 100 Ga., 160, 28 S. E., 41; *Burns* v.
*Kear*, 20 Ia., 16; *Schmuck* v. *Missouri, etc., Ry.*, 85 Kan., 447,
116 p. 818; *Cahill* v. *Mayor of Baltimore*, 92 Md., 233, 48 Atl.,
705; *Koenig* v. *Ward*, 104 Md., 564, 65 Atl., 345; *Kalamazoo* v.
*Kalamazoo Heat, etc., Co.*, 122 Mich., 489, 81 N. W., 426; *Cam-*
*eron* v. *Calkins*, 43 Mich., 191, 5 N. W., 292; *Stewart* v. *Rafer*,
85 Neb., 816, 124 N. W., 472; *Mount* v. *Van Ness*, 34 N. J. Eq.,
523; *Underwood* v. *Hossack*, 40 Ill., 98.

Even though a statute may attept to fix the time for hearing,
the time may be extended or changed as the business of the
court may require. *Board of Tenement House Supervision of*
*New Jersey* v. *Schlechter*, 83 N. J. Law, 88 Atl., 783; *Kraft's*
*Appeal*, 94 Pa., 449; *Smith* v. *Wainwright*, 24 Vt., 650.

Even though the legislative attempt to control the judicial
discretion of the court be enacted by the vote of the people in
enacting a constitution, nevertheless, the courts refuse to permit
the legislative action, even though it be in a constitution, to in-
terfere with the judicial discretion of the court in the control of
the work before it. *Temple Baptist Church of Georgia* v. *Ter-*
*minal Co.*, 128 Ga., 669; 58 S. E., 157; *Kinney* v. *Heatherington*,
38 Okla., 131 Pac. 1078.

The Legislature does not have power to fix the time of trials. The court has control of its proceedings during the term and fixes the time for trials. This is a judicial function. *Ablan* v. *Press Publishing Co.*, 100 App. Div., 516, 91 N. Y. S., 1085; *Riglander* v. *Star Co.*, 98 App. Div., 101; 90 N. Y. S., 772; affirmed in 181 N. Y., 531, 73 N. E., 1131; *Talbot* v. *Collins*, 191 Pac. 354 (Idaho).

In the case of *Riglander* v. *Star Co.*, 90 N. Y. S., 772, 98 App. Div., 101, which case is affirmed in 181 N. Y., 531, the first paragraph of the syllabus is as follows:

"Code Civ. Proc. Sec. 793, as amended by Laws 1904 p. 311, c. 173, provides that in certain counties and in the seventh judicial district an application for preference shall be made to the court as prescribed in the rules of practice, and, if the case is entitled to preference, and is intended to be moved for trial at or for the term for which the application is made, the court or judge 'must designate a day during that term, on which day the cause shall be heard, and, if there be two or more causes so designated for the same day, the said causes shall be heard in the order of their date of issue.' *Held*, that the section as so amended was unconstitutional, as depriving the judiciary of the right to regulate the hearing of preferred causes according to the circumstances of each particular case."

In the case of *Talbot* v. *Collins*, 191 Pac. 354 (Idaho), the first paragraph of the syllabus is as follows:

"Under the Constitution of this state, the Legislature may not prescribe the time or place of hearing and determining any cause pending on appeal in the Supreme Court."

In fixing the time within which this case shall be heard in this court, the Legislature has no more right or power to attempt to fix such time than this court would have if it attempted to fix the time within which the Legislature should vote on a pending bill.

If the Legislature can control the decision of a court as to the time when a case must be heard, why cannot the Legislature take the next logical step and control the final decision?

Counsel for the defendant in error contend that as Section 6212-20 of the General Code of Ohio, in which this clause is

found, gives this court jurisdiction; and, as a part of this section was not complied with by the trial judge, the court has lost jurisdiction, and cite in support of their contention the following cases: *Slingluff* v. *Weaver*, 66 O. S., 621; *Canfield* v. *Brabst*, 71 O. S., 42; *Doty* v. *Pepple*, 58 O. S., 395; *Mitchell* v. *State of Ohio*, 38 O. S., 347.

In each of the above cases the steps necessary to give the court jurisdiction were not taken, whereas, in the case at bar, the steps which brought the case properly into this court were taken. The decisions in the above cases do not apply to the facts in the case at bar. The court in those cases did not acquire jurisdiction of the subject-matter. In the case at bar the court acquired jurisdiction of the subject-matter. Counsel for defendant in error also cite the following cases: *King* v. *Cemetery Association*, 67 O. S., 240; *Little, Treasurer,* v. *Presbyterian Theological Seminary*, 72 O. S., 417. *Swetland* v. *Mills*, 101 O. S., 501, relating to the interpretation of statutes and contend that the words of this statute are clear and unequivocal, and that by reason thereof the court does not have jurisdiction to proceed.

We find nowhere in this statute, Section 6212-20, a provision which states that if the case is not heard within not more than thirty court days after the filing of the petition in error the proceedings in error shall be dismissed. Counsel for defendant in error, to support their contention must read into this statute the additional clause 'if the case is not heard the petition in error shall be dismissed.' Conceding that the Legislature had the right to enact this part of the statute, and that this thirty day clause is controlling upon the court, yet this statute does not provide that the case shall be dismissed by the court if it is not heard within thirty court days. If this statute has any effect whatsoever, it grants an additional right to the plaintiff in error, and that right is the right to have the case heard prior to other cases pending on the docket. If such right be granted it is a right which can be forced by mandamus, *Mann* v. *Mercer County*, 58 W. Va., 651; 52 S. E., 776.

We agree with counsel for the defendant in error that the plain meaning of the statute should be followed. Granting that

the Legislature had the right to enact this statute, we do not find in this statute the plain expression that the court loses jurisdiction of the case if the case is not heard in thirty court days. This thirty court days clause, if it means anything, grants the plaintiff in error an additional right rather than depriving him of any right. It is not to be presumed that the Legislature intended by this legislative act to affirm every case that was taken to a reviewing court which was not heard within the thirty court days.

In this case the court granted leave to file the petition in error. The court had knowledge of the pendency of this case. The court is presumed to have done its duty in the matter of protecting the rights of the parties in this case. If the case was not assigned within thirty court days, the presumption is that there were sufficient reasons why the court did not assign the case. It is suggested that counsel for plaintiff in error should have asked for an assignment. Can counsel control the discretion of the court in the matter of time in which the case shall be heard? Have judicial proceedings in Ohio reached such a condition that it is necessary for counsel to ask the court for an assignment and get it within thirty court days from the time the case was filed, or be deprived forever of their rights to have their case heard? This case being properly in this court, why should the plaintiff in error be punished by reason of the failure of some officer of the court to do what the statute pointed out? If any person is to be penalized, that person should be penalized who commits or permits the wrong done. If this statute be a valid legislative enactment, and the case was not heard in thirty court days, the plaintiff in error by mandamus could compel the hearing of the case after the thirty court days, not before that time.

If this clause has any force or effect whatsoever, its effect is to grant plaintiff in error the additional right to ask the court to hear the case in preference to other cases that may be pending.

The opinion of the court of appeals of Stark county in the case of *Schario v. State,* which case is not reported, was submitted to this court. In that case the court of common pleas

sustained a motion similar to the motion in the case at bar, and dismissed the proceedings in error. The judgment of the court of common pleas was affirmed by the court of appeals.

This court has the highest regard for the ability and learn-·ing of judges of the court of common pleas and court of appeals of Stark county, but it seems to this court that the court of appeals of Stark county in the Schario case does not distinguish between a legislative act which gives a court jurisdiction in error proceedings and a legislative act which attempts to control the judicial power after a case is in a court.

The Legislature has no power to control the assignment of cases in courts. In so far as the clause "and the case shall be heard by such reviewing court within not more than the thirty court days after filing such petition in error" found in Section 6212-20, attempts to assign a case for hearing or attempts to fix a time within which a case shall be heard, or attempts to deprive the court of jurisdiction if the case is not heard, is unconstitutional and of no force or effect. It is an attempt by the Legislature to control proceedings lawfully pending in a court. It is an attempt by the Legislature to exercise judicial power in violation of Article II, Section 32, and Article IV, Section 1 of the Constitution of the state of Ohio.

The court finds that the Legislature has no power to control the assignment of cases in this court, and any attempt so to do by the legislative power is an invasion of the judicial power as defined in the Constitution. The motion is overruled. The case may be submitted on the questions raised by the petition in error.