# CIRCUIT COURT OF BALTIMORE CITY.

Filed April 27, 1923.

W. R. GRACE & COMPANY
VS.
CHRISTOPHER LIPPS COMPANY.

*Richard Culbreth* for W. R. Grace & Co.

*Barton, Wilmer & Barton* for exceptants.

DUFFY, J. —

Receivers were appointed in this case on June 18, 1920. Their report of the administration of the estate was filed December 23, 1921. In it they report that certain claims had been filed against the estate which were subsequently withdrawn or abandoned.

They further report that the Manufacturers' Finance Company had filed a claim for $290,733 and they recommend that this claim be disputed. Auditors' Accounts have been filed and ratified in which trustee's commissions and fees to their counsel have been allowed.

A dividend of $74,707.25 was allowed on the claims of the Manufacturers' Finance Company, but it was marked "suspended for full proof" by the auditor. This was done by instruction of receivers to the auditor. Exceptions were filed to this claim by Barton, Wilmer & Barton representing certain creditors.

On July 26, 1922, Mr. Culbreth, representing Grace & Company, filed a petition attacking the claim of the Finance Company upon which an order was passed directing that questions as to the validity of the Finance Company's claim be raised for the opinion of the Court, to wit:

(a) Are said loans and said security absolutely null and void?

(b) If said loans and security are not absolutely null and void, to what extent, if any, are they null and void?

Negotiations followed which resulted in the petition of the receivers, assent and order of Court dated February 8, 1923, by which the claim of the Finance Company was reduced to $165,-733.

On February 12, 1923, on petition of Mr. Culbreth an order was passed allowing him out of the funds in the hands of the receivers a fee of $3,500, for the services performed by him in securing said reduction in the Finance Company's claim, subject to the usual exception. On exceptions filed to this allowance, testimony has been taken and a hearing had. What services were performed by Mr. Culbreth have been set forth in detail in his answer filed March 23, 1923, and this answer has been supported by proof. There is no

substantial dispute as to what Mr. Culbreth did; nor as to the reasonableness of the charge; the real question is whether or not under the circumstances of this case a fee out of the fund is allowable to him at all.

Acting under the rule of practice established by Knabe vs. Johnson, 107 Md. 618, Judge Heuisler had instructed the receivers to render aid to the creditors in disputing the claim of the Finance Company, but to take no active steps to litigate it. The receivers, therefore, took no action in the premises except to instruct the auditor in stating the account to suspend this claim for full proof, and, upon request of Mr. Culbreth, to employ and pay for the services of an expert accountant to analyze the voluminous account filed by the Finance Company.

In the Knabe case it is held that in a contest of creditors among themselves, the trustee has no right to intervene, and it is not his duty to prolong the litigation. Obviously it would seem to follow from this that when creditors do intervene to maintain their own claims or to diminish or overthrow the claims of others, each creditor should pay his own expenses and counsel fees, for the amount of the fund for distribution is not increased by such litigation.

One of the issues in the case of B. & O. vs. Brown, 79 Md., is in point here.

Light will be thrown on the question by considering the claim of counsel in that case to compensation for bringing into the assets of the Relief Association the sum of $100,000 set forth on page 452. Three cases had been instituted against the B. & O. Relief Association known as the Conley case, the Cannon case and the B. & O. case. These three cases had been consolidated by an order of Court in November, 1890. On December 19, 1890, Messrs. Brown, Gaither & McFarland, who had been counsel for the complainants in the Conley and Cannon cases, were by order of Court appointed to represent in the consolidated case all of the 1,165 dissenting members of the Relief Association, including Conley and Cannon. The Cannon bill declared that the B. & O. owed $100,000 to the Relief Association; this the B. & O. denied in its answer. The above-named counsel accomplished this fact: The B. & O. receded from the stand taken in its answer and submitted the question to the Court as to whether or not it owed to the Relief Association this sum and it was finally paid into the assets of the Relief Association. All this occurred before the passage of the order appointing them counsel for the dissenters above mentioned.

It was held: "Whatever services the gentleman rendered with reference to securing this sum of $100,000 were rendered before their appointment as counsel under the order of December, 1890, and whilst they were acting as counsel for only Conley and Cannon. For said services they are obviously not entitled to compensation out of the fund, or to be paid by any one but the clients they then represented."

"When compensation is allowed out of a common fund for expenses incurred and services rendered in behalf of the common interest, it is upon the principle of representation or agency. Title Co. vs. Burdette, 104 Md. 671.

It necessarily follows from this that where the interests of the parties to a case are conflicting the counsel of one cannot represent the other by implied agency.

In the case at bar exceptions had already been filed to the Finance Company's claim by Barton & Wilmer acting for their clients and it is a reasonable presumption that those exceptions would have been pressed, if necessary, to a decision. The position in the case of both Grace & Company represented by Mr. Culbreth and the clients of Barton & Wilmer was antagonistic to that of the Finance Company; and whether the result was accomplished by negotiation and compromise or by pressing the issue to a decision the end accomplished was the same, namely, the dividend of the Finance Company was diminished. Upon what principle then should Barton & Wilmer's clients and the Finance Company be required to contribute out of their dividends to the fee of Grace & Company's counsel? Certainly this should not be done without an order of Court authorizing Mr. Culbreth to represent the creditors such as the order of December 19, 1890, in the Brown case authorizing Brown, Gaither & McFarland to represent the dissenting members, and it must be borne in mind that in the Brown case notwithstanding the order aforesaid the fee of Messrs. Brown, Gaither & McFarland was ordered paid out of the

dividend of the dissenters whom they represented and the B. & O. representing the other members was not required to contribute to this fee because of the antagonistic positions in the case of the dissenting members and the members represented by the B. & O. See Konig vs. Ward, 104 Md. 566; Monroe vs. Whittaker, 131 Md. 405.

As to the position in the case at bar of Grace & Company and the Barton & Wilmer claimants compare what was said in Title Company vs. Burdette on page 672 concerning the agency of Mr. Merryman and Mr. Fairbanks attorneys for Barnes and the Title Company, respectively.

"The only proper cases that can arise where Courts of Equity and Bankruptcy as well, can award compensation to an attorney out of funds due others than his client is where said attorney for one of a class has 'created' or secured a fund and brought it into the custody of the Court, which fund is to enure not alone to the benefit of his client, but to that of all those belonging to this class. In such cases Courts award compensation to the attorney out of the fund due to all, not on the theory of his having an attorney's lien, but on the broader theory that all interested in the fund should contribute ratably to the cost of 'creating' or securing it." In re Gillespie, 190 Fed. 91.

This language was used in a case in bankruptcy in which the issue was the allowance of a fee to counsel of petitioning creditors. It was held that such fee was allowable out of fund for distribution among unsecured creditors. The reason being that their service came within the above stated rule.

In American Engineering Company vs. Metropolitan Company, 275 Fed. 41, a suit in equity for administration of an estate by receiver the above principle is affirmed and the same language is quoted. The issue being very similar to that in the case at bar, it being an effort to diminish the dividend of one of the claimants made by other claimants, the fund being already in Court. The counsel fees were not allowed.

A good example of a case in which a fund was "created" in the hands of receivers and for their services in securing which counsel were allowed compensation out of the fund is Edwards vs. Bay State Gas Company,

172 Fed. 975, and the claim was that of Patterson & Major, counsel, who filed the bill of complaint.

An example of a case where the claim of counsel was rejected is Buell vs. Kanawha Company, 201 Fed. 766. The claim being that of Wilcox & Wilcox.

With much reluctance, therefore, I find it necessary to sustain the exceptions to the allowance of this fee, and it will be so ordered.